**LATHAM & WATKINS LLP**
  Michele D. Johnson (Bar No. 198298)
  *Michele.Johnson@lw.com*
  650 Town Center Drive, 20th Floor
  Costa Mesa, CA 92626-1925
  T: (714) 540-1235

  Colleen C. Smith (Bar No. 231216)
  *Colleen.Smith@lw.com*
  12670 High Bluff Drive
  San Diego, California 92130
  T: (858) 523-5400

  Meryn C. N. Grant (Bar No. 291315)
  *Meryn.Grant@lw.com*
  10250 Constellation Blvd., Suite 1100
  Los Angeles, CA 90067
  T: (213) 485-1234

  Susan E. Engel (*pro hac vice*)
  *Susan.Engel@lw.com*
  555 Eleventh Street, N.W., Suite 1000
  Washington, D.C. 20004-1304
  T: (202) 637-2200

*Attorneys for Defendants ChemoCentryx, Inc.
and Thomas J. Schall*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JONNIE HOMYK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMOCENTRYX, INC. and THOMAS J. SCHALL,<br><br>Defendants. | Master Case No. 4:21-cv-03343-JST *and related cases,* Nos. 4:21-cv-04357-HSG, 4:22-cv-00499-JST<br><br>*The Honorable Jon S. Tigar*<br><br>**DEFENDANTS CHEMOCENTRYX, INC. AND THOMAS J. SCHALL'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO CONTINUE CLASS CERTIFICATION HEARING** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

Pursuant to Local Civil Rule 7-11, Defendants ChemoCentryx, Inc. and Dr. Thomas Schall (collectively, "Defendants") respectfully move the Court for permission to submit a short sur-reply brief in response to Lead Plaintiff Indiana Public Retirement System's ("Plaintiff's") Reply in Further Support of its Motion for Class Certification (ECF No. 102) ("Reply") and continue the currently scheduled hearing on Plaintiff's Motion for Class Certification (ECF No. 74) ("Motion") to April 11, 2024, or any subsequent date convenient to the Court.

## I.    INTRODUCTION

A sur-reply is warranted to provide Defendants an opportunity to respond to:  (1) new arguments and substantial new evidence (47 exhibits) introduced for the first time in Reply regarding the price impact of the alleged misrepresentations and the application of the presumption of reliance, and (2) an eighty-five page "Reply Rebuttal Expert Report" about a new subject on which Plaintiff's expert previously offered no opinion (and refused to answer questions about in his deposition).

Courts routinely permit sur-replies in class certification proceedings in Section 10(b) cases in particular, given the burden-shifting framework that applies where plaintiffs rely on a presumption of reliance to establish predominance under Federal Rule of Civil Procedure 23(b)(3).  Where, as here, Plaintiff introduces new arguments and evidence in its Reply and Defendants bear the burden of rebutting the presumption, Defendants should be permitted a fair opportunity to respond.  Defendants therefore request leave to file a 15-page sur-reply by March 15, 2024 in order to adequately respond to Plaintiff's lengthy 25-page Reply.

A hearing on Plaintiff's Motion is currently scheduled for February 15, 2024.  Continuing the hearing to April 11, 2024, or any subsequent date convenient for the Court, will allow Defendants time to appropriately respond to the new evidence in Plaintiff's Reply (including time to test Plaintiff's new expert opinions at a deposition and, if appropriate, move to exclude those opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993)), ensure that the Court has a complete record for deciding Plaintiff's Motion, and not prejudice any party.   For these reasons, Defendants respectfully submit that a sur-reply and continuance of the hearing is appropriate.  To the extent helpful for the Court, Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

have provided additional background below, including setting forth the legal framework applicable to Plaintiff's Motion and additional details about the new arguments, evidence and alleged omissions on which Plaintiff is now relying.

## II.   BACKGROUND

In its opening brief in support of class certification, Plaintiff argued that common issues would predominate over individual ones—as required by Federal Rule of Civil Procedure 23(b)(3)—because Plaintiff is entitled to the fraud-on-the-market presumption of reliance under *Basic v. Levinson*, 485 U.S. 224 (1988).  ECF No. 74.  Plaintiff acknowledged its burden to show that the presumption of reliance applies (*id.* at 13), and sought to do so largely by reference to its Amended Complaint and on the basis of a routine expert report by Dr. Matthew Cain on market efficiency and a methodology for calculating class-wide damages.  Plaintiff made no argument, and submitted no supporting evidence, about price impact of the alleged misrepresentations.

In their opposition brief (ECF No. 87), Defendants proceeded under the framework set forth by the Supreme Court for rebutting the presumption of reliance.  *See e.g.*, *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1962-63 (2021); *Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 279-82 (2014).  Defendants argued that the alleged misrepresentations had no front-end price impact, and price impact could not be inferred from back-end price drops, in part because the alleged "truth" was revealed before the alleged corrective disclosures.  ECF No. 87.  To support these arguments, Defendants submitted reports by an economic expert on price impact and an FDA regulatory expert who opined that the allegedly omitted FDA communications were routine and expected.  ECF Nos. 87-89.

Plaintiff sought and the Court granted Plaintiff a 10-page extension for its Reply.  (Defendants did not oppose this extension, but informed Plaintiff they would seek a sur-reply to the extent Plaintiff's oversized Reply contained new, improper arguments.)  Plaintiff filed a 25-page reply, along with 47 new exhibits.  Among these is an 85-page Reply Rebuttal Report from Plaintiff's expert Dr. Cain on new subjects that were not addresses in his initial report.  *Compare* ECF No. 102-2 *with* ECF No. 75-1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

Defendants have objected to new improper argument and evidence submitted in the Reply, and asked the Court to strike:  (1) arguments and evidence on unpled claims that Plaintiff raised on Reply as new bases for its Motion; (2) improper and inadmissible deposition testimony from witnesses Defendants have not been able to cross-examine; and (3) portions of Dr. Cain's expert report that are "written advocacy . . . akin to a supplemental brief."  ECF No. 109; *McPhail v. First Command Fin. Plan., Inc.*, 247 F.R.D. 598, 604 (S.D. Cal. 2007).  Even if the Court grants Defendants' evidentiary objections, however, Defendants are still entitled to a sur-reply in light of the significant new argument, evidence, and expert opinion regarding price impact that was submitted in response to Defendants' opposition.

## III.   ARGUMENT
### A.   Courts Routinely Permit Sur-Replies in Similar Cases, Particularly After the Supreme Court's Decision in *Goldman*

Where a party raises an issue for the first time on reply, a court should not consider the new evidence without giving the non-movant an opportunity to respond.  *Provenz v. Miller*, 102 F.3d. 1478, 1483 (9th Cir. 1996); *see also Strumlauf v. Starbucks Corp.*, 2017 WL 5714582, at *2 (N.D. Cal. Nov. 28, 2017) (granting leave to file sur-reply where defendant "had no opportunity to respond" to plaintiffs' expert report).

This particularly critical for class certification motions in securities fraud claims following the legal framework set forth in *Basic v. Levinson*, 485 U.S. 224 (1988) and its recent progeny.  Most recently in *Goldman*, the Supreme Court significantly expanded the range of evidence courts must examine at class certification, holding that courts "'should be open to all probative evidence" and should "assess all the evidence of price impact—direct and indirect" in determining whether the alleged misrepresentations had price impact.  *Goldman*, 141 S. Ct. at 1960, 1963.  When a defendant introduces such evidence in opposition (as Defendants did here), some plaintiffs will counter by introducing new evidence and theories on reply (as Plaintiff did here).  It is therefore not surprising that since *Goldman*, courts have regularly granted Section 10(b) defendants leave to file a sur-reply on class certification.  *See, e.g.*, *In re NIO, Inc. Sec. Litig.*, No. 19-CV-1424 (NGG) (JRC) ECF No. 128 (E.D.N.Y. Aug. 8 2023); *St. Clair Cty. Emps.' Ret. Sys. v. Acadia Healthcare Company, Inc.*, No. 3:18-cv-00988, ECF No. 177 (M.D.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

3

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

Tenn. Sept. 30, 2022); *In re Mattel, Inc. Sec. Litig.*, No. 2:19-cv-10860-MCS-PLA, ECF No. 133 (C.D. Cal. Sept. 9, 2021); *In re EQT Corp. Sec. Litig.*, No. 2:19-cv-00754-RJC, ECF No. 165 (W.D. Penn. Jul. 7, 2021).

Even before *Goldman*, however, courts within the Ninth Circuit regularly permitted sur-replies regarding class certification in Section 10(b) cases, particularly where new expert reports and evidence are submitted with a reply. *E.g., In re Finisar Corp. Sec. Litig.*, 11-cv-1252, ECF No. 147 (N.D. Cal. Nov. 17, 2017) (granting defendants leave to file sur-reply regarding price impact to address new expert report and evidence); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 524 n.2 (N.D. Cal. 2009) (granting defendants leave to file sur-reply "because plaintiff submitted a rebuttal declaration with his reply brief"); *In re Diamond Foods, Inc. Sec. Litig.*, 11-cv-5386, ECF No. 220 (N.D. Cal. Apr. 25, 2013) (same); *Baker v. SeaWorld Entertainment, Inc.*, 14-cv-2129, ECF No. 245 (S.D. Cal. Oct. 12, 2017) (same).  For all these reasons, a sur-reply in these circumstances is appropriate.

### B.    Defendants Are Entitled to Respond to Plaintiff's New Arguments and Evidence

Plaintiff's arguments and evidence that the alleged misrepresentations *impacted the price* of ChemoCentryx stock are new.  Plaintiff's opening brief contained no arguments about price impact and Plaintiff's expert Dr. Cain disclaimed any opinions on the subject.  Ex. 1 (Cain Tr.) at 57:7-24, 91:20-94:13, 121:12-122:12.  Defendants have not had the opportunity to test these opinions with a deposition, much less appropriately respond to them in a brief to the Court.

There is no reason Plaintiff's new arguments and evidence on price impact could not have been included in Plaintiff's opening brief.  Plaintiff was aware of Defendants' argument that the truth was revealed in articles published before and during the Alleged Class Period, which means there was no price impact from any of the alleged misrepresentations on which Plaintiff relies.  Defendants made these arguments in support of their motion to dismiss, and the Court discussed them in its order on that motion.  *See, e.g.* ECF No. 50 at 1, 4, 5, 10, 16; ECF No. 61 at 20-21.  Plaintiff knew that Defendants would oppose class certification on the basis that there was no price impact, yet it chose not to advance any argument or evidence on price impact until its Reply.  ECF No. 102 at 10-11.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

Even beyond arguments and evidence it knew it would need to introduce, Plaintiff's Reply contains entirely new and unpled theories as new bases for its Motion.  For example, Plaintiff spends a significant portion of its Reply focusing on the purported concerns raised by the ADVOCATE Data Monitoring Committee ("DMC") regarding avacopan's safety.  *See, e.g.*, ECF No. 102 at 4-5, 11, 16.  This argument appears nowhere in Plaintiff's initial Motion or in its Amended Complaint.

Without a sur-reply, Defendants will be denied the opportunity to address these new arguments and unpled theories, and more importantly, denied the opportunity to adequately challenge reliance until after class-wide issues are determined.  Though Defendants will be prejudiced if a sur-reply is not granted, the converse is not true, as Plaintiff has had a full and fair opportunity to present its position to the Court.  Defendants request the same opportunity to present the Court with a fulsome record on which to determine this pivotal Motion.

**C.      There Is Good Cause to Continue the Hearing on Class Certification**

Good cause exists for continuing the currently set hearing on Plaintiff's Motion from February 15, 2024 to April 11, 2024, or any subsequent date convenient for the Court.  This additional time is necessary to allow Defendants time to submit a sur-reply, and the Court can have a full record to perform the rigorous analysis required in ruling on a class certification motion.  The Court has not entered any additional deadlines beyond class certification, and discovery is continuing in parallel.  A continuance is also necessary to permit Defendants to test Dr. Cain's new and extensive expert opinions through a deposition, which is currently noticed for February 26, 2024, subject to Dr. Cain's availability.  If appropriate, Defendants intend to file a motion to exclude any improper opinions so that it can be fully briefed before the continued hearing on Plaintiff's Motion.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants respectfully request leave to file a 15-page sur-reply in connection with Plaintiff's Motion for Class Certification no later than March 15, 2024, and that the Court continue the hearing on that Motion until April 11, 2024 or any subsequent date convenient to the Court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.

Dated:  February 6, 2024

Respectfully Submitted,

**LATHAM & WATKINS LLP**

By:  */s/ Colleen C. Smith*

Colleen C. Smith
*Colleen.Smith@lw.com*
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400

Meryn C. N. Grant (Bar No. 291315)
*Meryn.Grant@lw.com*
10250 Constellation Blvd., Suite 110
Los Angeles, CA 90067
T: (213) 485-1234

Michele D. Johnson (Bar No. 198298)
*Michele.Johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235

Susan E. Engel (*pro hac vice*)
Susan.Engel@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
T: (202) 637-2200

*Attorneys for Defendants ChemoCentryx, Inc. and Thomas J. Schall*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

CASE NO. 4:21-cv-03343-JST
DEFS.' ADMIN. MOT. FOR LEAVE TO FILE
SUR-REPLY & CONTINUE HEARING.