LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
*Michele.Johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290

  Colleen C. Smith (Bar No. 231216)
*Colleen.Smith@lw.com*
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450

  Meryn C. N. Grant (Bar No. 291315)
*Meryn.Grant@lw.com*
12050 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
T: (424) 653-5500 / F: (424) 653-5501

  Susan E. Engel (*pro hac vice*)
*Susan.Engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
T: (202) 637-2200 / F: (202) 637-2201

*Attorneys for Defendants ChemoCentryx, Inc.
and Thomas J. Schall*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JONNIE HOMYK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMOCENTRYX, INC. and THOMAS J. SCHALL,<br><br>Defendants. | Master Case No. 4:21-cv-03343-JST *and related cases,* Nos. 4:21-cv-04357-HSG, 4:22-cv-00499-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 164)** |

I.     PRELIMINARY STATEMENT

Plaintiff seeks to present the jury with evidence in support of two theories that do not appear in its Amended Complaint—the "data manipulation" and "buyout" theories—while simultaneously asking the Court to exclude *every* witness Defendants identified to refute these theories. Neither of these theories are proper subjects for trial, *see, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4188787 (N.D. Cal. May 19, 2020) (striking unpled theories), and if the Court agrees, Defendants respectfully request that the Court so clarify. But if Plaintiff is permitted to introduce unpled theories at trial, Defendants must be allowed to present a defense.

Plaintiff's Opposition (Dkt. 170) cannot cure the three central errors in the Order. ***First***, the Order misapplied the test for assessing timeliness. Although the Order correctly concluded that disclosures made during discovery are not *automatically* timely, it did not correctly apply the test for timeliness, which must account for the circumstances of the case. Order at 3–4. The Order never assessed whether these disclosures were timely given the ongoing "lack of certainty as to whether Plaintiff's unpled theories are a part of this case," Mot. at 1, or the fact that 97% of Plaintiff's purported evidence supporting its data manipulation theory was adduced within a month of Defendants' supplemental disclosures. *See* Smith Supp. Decl. ¶ 4. Plaintiff's Opposition likewise ignores the open question of whether its unpled theories are even in the case.

***Second***, when assessing harmlessness, the Order failed to consider the extensive discovery Plaintiff had already taken from the at-issue witnesses and its strategic decision not to pursue further discovery. Mot. at 4–5. This prior discovery is not "irrelevant," as Plaintiff claims. Opp. at 6. To the contrary, it would substantially mitigate any potential harm. And Plaintiff's inaction with respect to seeking discovery from these witnesses further demonstrates harmlessness.

***Finally***, the Order failed to consider alternative sanctions when excluding *every* witness to rebut the unpled theories, including Medpace, the entity Plaintiff accuses of manipulating trial data. Mot. at 5. Rather than address this argument, Plaintiff incorrectly suggests that exclusion was the only available remedy. But the Ninth Circuit affords courts wide latitude to impose remedies that are less severe than striking all rebuttal witnesses. Forcing Defendants into a trial on unpled accusations without allowing Defendants to rebut is error.

## II. ARGUMENT

### A. The Supplemental Disclosures Were Timely

The Magistrate's Order misapplied the test for assessing timeliness and ignored the fact that the Court has not allowed Plaintiff's unpled theories into the case. *See* Order at 7–11. Plaintiff's Opposition makes a similar error. Plaintiff assumes (without analysis) that its theories are in the case and that Defendants were obligated to disclose rebuttal witnesses before knowing whether the theories will be heard at trial (which remains an open question). *See* Dkt. 131 at 14 n.2. Defendants' preemptive disclosure of five rebuttal witnesses was not untimely, or at least was substantially justified. *See* Mot at 3–4.

The Order assumed Defendants could have identified and disclosed trial rebuttal witnesses based on deposition questions or one-line descriptions of Plaintiff's theories. *See* Mot. at 3–4. While the Order stated that Defendants did not "offer any justification for why they waited ***six months*** to disclose these witnesses," Order at 9 (emphasis in original), Defendants *have* explained the supposed delay: stray questions in Dr. Glassock's deposition and two lines in Plaintiff's class certification reply brief did not put Defendants on notice that trial would proceed on unpled theories, or even what those theories truly entailed. Dkt. 156 at 5; 159 at 4–5; *see* C. Smith Supp. Decl. ¶¶ 2–5. In fact, Plaintiff did not fully articulate its data manipulation theory until two days ago (September 11, 2024), and 97% of Plaintiff's purported supporting evidence entered the record within one month of Defendants' supplemental disclosures. C. Smith Supp. Decl. ¶¶ 2–4.[1] Moreover, as Plaintiff notes, there are "hundreds" of potential witnesses in this case. Opp. at 1. Defendants needed time to understand Plaintiff's theories and determine which of those hundreds of witnesses had evidence to rebut them. C. Smith Supp. Decl. ¶¶ 2–5.

Finally, Plaintiff is wrong that Defendants' witnesses "have nothing to do with ChemoCentryx's data manipulation" and doubly wrong that Defendants "conceded" this before the Magistrate Judge. Opp. at 4 (emphasis omitted). Defendants explained (both in moving papers and orally at the hearing) why these witnesses are relevant:

---

[1] Plaintiff has never identified supporting evidence for its buyout theory. C. Smith Supp. Decl. ¶ 6.

- **Medpace** is the entity that "ran the [clinical] trial," and approved the data correction which Plaintiff contends is "manipulation." Ex. 2, 25:2–3; *see* Dkts. 156 at 6, 159 at 4–5.
- **Drs. Pagnoux and Specks** treated patients in the trial, "collected [ ] data," and can testify to how/why data corrections occurred (and, indeed, had to occur). Ex. 2, 25:5–15; *see* Dkts. 156 at 6, 159 at 5.
- **Glen Massie** is a patient on avacopan whose experience counters Plaintiff's narrative that the FDA was tricked into approving an ineffective drug. Dkts. 156 at 6, 159 at 5.
- **Dalia Rayes** was "the head of commercialization," and responsible for "taking [avacopan] to market," contrary to Plaintiff's buyout theory. Ex. 2, 12:8–14:7; *see* Dkt. 159 at 4.[2]

The Magistrate's Order should be set aside or modified to cure these errors.

### B. The Disclosures Were Harmless

The Order also erred in failing to consider the significance of the existing discovery and corresponding lack of harm. Order at 12–13. While under some circumstances "seven weeks of fact discovery is not enough time to conduct discovery for eleven witnesses," the Order did not consider the minimal additional discovery Plaintiff would need from the entity that had already produced documents in response to Plaintiff's subpoena (Medpace) or the ChemoCentryx employee whose custodial file had already been produced (Ms. Rayes). *See* Order at 13; *Gonzales v. Lake Havasu City*, 836 F. App'x 554, 555 (9th Cir. 2020).

Moreover, Plaintiff's actions disprove its claims of harm. In Plaintiff's opening brief to the Magistrate, Plaintiff represented that if Defendants' disclosures were allowed to stand, Plaintiff would have to "redo" discovery. Dkt. 156 at 3. But Plaintiff—even though it since sought and received a schedule extension (Dkt. 171)—has not "redone" anything in response to five admitted witnesses. Nor would Plaintiff need to redo discovery if the Court allows the five witnesses at issue here. Take Medpace, for example. Though omitted from Plaintiff's "Relevant Background," Opp. at 2–3, Plaintiff served a broad subpoena to Medpace in June 2023. That subpoena requested "All Documents concerning the Advocate Study," "All Documents concerning the Advocate Study Data," and "All Documents concerning [twelve other topics]." Dkt. 158-1. Plaintiff entered into a Document Review Agreement with Medpace, Medpace made multiple productions, and

---

[2] Plaintiff states that the Court need not consider the "buyout theory" because "Defendants never raised it before Judge Cisneros." Opp. at 4. This is wrong; Defendants explained that Ms. Rayes's testimony became relevant during discovery when Plaintiff began "arguing that ChemoCentryx rushed to sell itself before fraud could be revealed." Dkt. 159 at 4.

Medpace either produced, or is referenced in, 107,705 documents in the discovery record. *See* Dkt. 165-1 ¶ 14; *see also* FRCP 26(e)(1). Defendants have shown harmlessness because Plaintiff has Medpace's documents and did not seek further discovery after Medpace was supplementally disclosed. *See id.* The other witnesses are the same. Plaintiff did not seek any new discovery from them, despite issuing other, unrelated subpoenas to third parties (and, as noted, Plaintiff had previously requested and received Ms. Rayes' documents). Plaintiff's own lack of action shows there is no harm. *See Maxson v. Dwyer*, 2023 WL 4352146, at *4 (N.D. Ill. July 5, 2023) ("[F]ailure to . . . depose the [supplemental witnesses] . . . indicates . . . no harm.").

### C. Plaintiff Has Not Justified the Magistrate's Failure To Consider A Less Extreme Sanction

The Magistrate also erred in failing to consider the ramifications of total exclusion or available alternative sanctions. *See* Mot. at 5; *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012). "'[S]anctions which interfere with the litigants' claim or defenses violate due process.'" Mot. at 5 (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Defendants need not establish that the exclusion deals a "fatal blow" to their defense as Plaintiff suggests. Opp. At 6. Excluding every rebuttal witness Defendants have identified to respond to a particular defense raises the same due process concerns addressed in *R & R Sails*. *See* 673 F.3d 1240; *see also Wanderer*, 910 F.2d at 656.

Rather than address Defendants' argument, Plaintiff asserts that exclusion was the *only* remedy available under Rule 37(c). Opp. at 6. But Plaintiff's authority reached the opposite conclusion: "[Rule 37] does not mean that a district court *must* exclude evidence." *Merchant v. Corizon*, 993 F.3d 733, 740 (9th Cir. 2021) (emphasis in original). Courts have wide "discretion to impose other, less drastic, sanctions," *id.* at 741 (citations omitted), and when the exclusion implicates due process, the court has an obligation to consider less severe alternatives. This is especially true where the unpled allegations have never been tested by a motion to dismiss and now may not be tested at all.

* * *

Defendants respectfully request that this Court modify or set aside the Magistrate's Order.

| | |
|---|---|
| Dated: September 13, 2024 | Respectfully submitted, |
| | LATHAM & WATKINS LLP |
| | By: */s/ Colleen C. Smith*<br>Colleen C. Smith (Bar No. 231216)<br>*Colleen.Smith@lw.com*<br>12670 High Bluff Drive<br>San Diego, California 92130<br>T: (858) 523-5400 / F: (858) 523-5450 |
| | Michele D. Johnson (Bar No. 198298)<br>*Michele.Johnson@lw.com*<br>Jordan D. Cook (Bar No. 293394)<br>*Jordan.Cook@lw.com*<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>T: (714) 540-1235 / F: (714) 755-8290 |
| | Susan E. Engel (*pro hac vice*)<br>*Susan.Engel@lw.com*<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004-1304<br>T: (202) 637-2200 / F: (202) 637-2201 |
| | Meryn C. N. Grant (Bar No. 291315)<br>*Meryn.Grant@lw.com*<br>12050 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>T: (424) 653-5500 / F: (424) 653-5501 |
| | *Attorneys for Defendants ChemoCentryx, Inc. and Thomas J. Schall* |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

5

CASE NO. 4:21-cv-03343-JST
DEFS.' REPLY ISO MOTION FOR RELIEF
FROM NON-DISPOSITIVE PRETRIAL ORDER