LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
*Michele.Johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290

  Colleen C. Smith (Bar No. 231216)
*Colleen.Smith@lw.com*
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450

  Meryn C. N. Grant (Bar No. 291315)
*Meryn.Grant@lw.com*
12050 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
T: (424) 653-5500 / F: (424) 653-5501

  Susan E. Engel (*pro hac vice*)
*Susan.Engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
T: (202) 637-2200 / F: (202) 637-2201

*Attorneys for Defendants ChemoCentryx, Inc. and Thomas J. Schall*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JONNIE HOMYK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEMOCENTRYX, INC. and THOMAS J. SCHALL,<br><br>Defendants. | Master Case No. 4:21-cv-03343-JST *and related cases,* Nos. 4:21-cv-04357-HSG, 4:22-cv-00499-JST<br><br>**SUPPLEMENTAL DECLARATION OF COLLEEN C. SMITH IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF No. 164)** |

I, Colleen C. Smith, hereby declare and state as follows:

1. I am a partner at the law firm of Latham & Watkins LLP, counsel of record for Defendants ChemoCentryx, Inc. and Dr. Thomas J. Schall (together, "Defendants") in the above-captioned action. I am admitted to practice law in the State of California and am a member in good standing of the bar of the United States District Court for the Northern District of California. I submit this supplemental declaration in support of Defendants' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (Dkt 164). Dkt 165.

2. On July 22, 2024, Defendants served their Third Set of Interrogatories to Plaintiff. On September 11, 2024, Plaintiff served Objections and Responses to Defendants' Third Set of Interrogatories. A true and correct copy of Plaintiff's Objections and Responses to Defendants' Third Set of Interrogatories is attached as **Exhibit 1**. Among other responses, Plaintiff stated:

> The ADVOCATE data showed that avacopan failed to achieve statistically significant superiority at week 52. To avoid reporting a failed study, however, ChemoCentryx executives manipulated the trial data by unblinding the results and changing patient scores in violation of the ADVOCATE Study Protocol and Statistical Analysis Plan. *See, e.g.*, Glassock Dep. 317:16-319:5, 338:6-341:21; Wang Dep. 77:24-120:14; Yue Dep. 151:13-242:4; Bekker Dep. 123:9-217:7; CCXI-0006897640; PX040-PX049; PX239 (Protocol); PX243; PX245; PX246; PX257-PX259; PX318-PX320; PX322; PX323; PX339 (SAP); CCXI-0001634353.

3. This was the first time Plaintiff provided purported evidence for its data manipulation theory beyond Dr. Glassock's deposition testimony. Prior to this response, Plaintiff had cited exclusively to Dr. Glassock's deposition testimony in support of its data manipulation theory. *See* Dkts. 99 at 3; 101-3 at 12:21–22, 13:9–13.

   a. Dkt 99 at 3: "ChemoCentryx manipulated the trial data by unblinding the results and changing patient scores . . . [citing Dkt 101-14] at 317:16-319:5, 338:5-340:4, 340:21-341:21."

   b. Dkt 101-3 at 12:21–22: "[T]here were serious issues with the ADVOCATE study design and results, including data manipulation . . . [no citation]"

  c. Dkt 101-3 at 13:9–13: "To avoid reporting a failed study, however, ChemoCentryx executives manipulated the trial data by unblinding the results and changing patient scores . . . . [citing Dkt 101-14] at 317:16-319:5; 338:5-341:21."

4. Plaintiff's purported evidence in support of its data manipulation theory includes 238 pages of deposition testimony. Seven pages of deposition testimony (approximately 3% of the identified testimony) entered the record in December 2023 during the Glassock deposition. The remaining 231 pages of deposition testimony (97% of the identified testimony) entered the discovery record in the month before or after Defendants' supplemental disclosures during the May 10, 2024 Yue deposition, the May 23, 2024 Wang deposition, and July 26–29, 2024 Bekker deposition. And 95 pages of identified testimony (40%) were taken during the July 26–29, 2024 Bekker deposition, which occurred in the month *after* Defendants' supplemental disclosures.

5. The portion of Dr. Glassock's deposition testimony that has been identified as purported evidence of data manipulation (*i.e.*, the 3% that entered the record in December 2023) largely consists of hypothetical background questions asked in a leading manner. For example, Dr. Glassock was asked:

- "[T]he point of blinding is to try to reduce bias and preserve the integrity of the trial; is that right?" Dkt 101-14, 317:16-18.
- "[I]f the people responsible for scoring a patient's disease or analyzing the data know what the patient is taking, that could influence how they score the patient's disease or analyze the data, right?" *Id.* 317:20–24.
- "[Do] the scientific and medical communicates consider blinding to be an important clinical trial feature?" *Id.* 318:6–8.
- "Would clinicians expect, for instance, that a sponsor would learn the unblinded results of a trial and subsequently change patient scores and outcomes?" *Id.* 318:13–16.
- "So it would be scientifically improper for a sponsor to learn the unblinded results of a trial and then start changing patient scores?" *Id.* 318:22–24.

1    •  "If the medical community learned that such a thing had taken place, would that substantially undermine the medical community's confidence in the integrity of the results?" *Id.* 319:1–4.

6. Plaintiff's Objections and Responses to Defendants' Third Set of Interrogatories does not identify evidence purportedly supporting the buyout theory. *See generally* Ex. 1.

7. Attached as **Exhibit 2** is a true and correct copy of the hearing transcript from the July 30, 2024, hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13 day of September 2024 in San Diego California.

Dated: September 13, 2024          By: */s/ Colleen C. Smith*
                                                 Colleen C. Smith