UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHEMOCENTRYX, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03343-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 165 |

Before the Court is Defendants ChemoCentryx, Inc. and Thomas J. Schall's motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 165. Defendants ask the Court to set aside Judge Lisa J. Cisneros's August 8, 2024 order (Dkt. 164, "Order"), which struck Defendants' Supplemental Rule 26(a) disclosures of Glen Massie, Medpace, Inc., Christian Pagnoux, Ulrich Specks, and Dalia Rayes. The Court will deny the motion.

## I.     LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Rather, "the district court may only set aside [a magistrate judge's] factual determinations if

it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (internal quotation marks and citation omitted). This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (internal quotation marks and citation omitted).

Under Rule 26(a), a party's disclosures must identify witnesses that a party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) "imposes an affirmative obligation on a party to supplement its initial disclosures 'in a timely manner' if the party learns that the disclosures are incomplete or incorrect."

## II.     DISCUSSION

The magistrate judge granted Lead Plaintiff's request to strike, finding that the "quantity and proximity of disclosure to the discovery cutoff date" rendered Defendants' supplemental disclosure untimely. *See* Order at 2, 4. In their motion for relief, Defendants argue that the Order erred by improperly restricting Defendants' ability to defend against Lead Plaintiff's "new allegations" concerning Defendants' supposed manipulation of trial data. Defendants contend that they took affirmative steps to comply with the rules and identify relevant witnesses despite a lack of clarity about whether these theories are part of the case. They further argue that they supplemented their disclosures seven weeks before the close of fact discovery, nine months before summary judgment motions, and more than a year and a half before trial. To the extent that such disclosures were untimely, they contend that any delay was justified given that the new allegations were introduced almost two years after the operative complaint and the disclosures could not be made until Defendants investigated the new theories and developed their defenses. Defendants also complain that excluding the six untimely disclosed witnesses is too extreme a remedy under Rule 37 given the circumstances.

The Court finds that the magistrate judge properly considered Defendants' arguments. First, the magistrate judge correctly rejected the contention that the supplemental disclosures were timely merely because they were made before the close of fact discovery. *Id.* at 4. Second, the

magistrate judge correctly rejected Defendants' argument that a "new theory" emerged over the course of discovery, noting that it was "evident from the record that Plaintiff's accusations regarding data manipulation began as early as December 2023, with Dr. Glassock's deposition, and were a significant feature on Lead Plaintiff's Reply in January 2024." Order at 8–12. Third, the magistrate judge also analyzed in detail whether Defendants "made known" the importance of each of the witnesses in question to warrant the late disclosure. For example, as for witness Stone, the Order noted that Stone was only referenced in passing once in the eighteen depositions conducted to date, and that none of the more than 380 deposition exhibits were authored by him. *Id.* at 7. As for witness Rayes, the Order cited that only two of the 380 deposition exhibits were from Rayes's custodial file, and that none were authored by her. *Id.* at 7–8. And the Order noted that although witnesses Specks and Paganoux were referenced in 10,000 produced documents, references to these witnesses in a small fraction of the half-million documents produced in the case were insufficient to "make known" that Defendants intended to use these witnesses at trial. *Id.* at 10. Finally, as for the remedy of exclusion, "Rule [37] plainly states [that] litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless." The magistrate judge correctly held that Defendants have shown neither.

## CONCLUSION

Accordingly, Defendants' motion for relief from a non-dispositive pretrial order of a magistrate judge is denied.

**IT IS SO ORDERED.**

Dated: December 22, 2024

_____
JON S. TIGAR
United States District Judge

3