# Exhibit 1

EXECUTION COPY

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Katherine M. Sinderson (admitted *pro hac vice*)
(katiem@blbglaw.com)
John Esmay (admitted *pro hac vice*)
(john.esmay@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-554-1400
Fax: 212-554-1444

*Counsel for Lead Plaintiff Indiana Public
Retirement System and Lead Counsel for the
Class*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMOCENTRYX, INC. et al.,<br><br>Defendants. | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of March 9, 2026 (the "Stipulation"), is entered into between (a) Lead Plaintiff and Court-appointed Class Representative Indiana Public Retirement System ("Lead Plaintiff" or "Class Representative"), on behalf of itself and the Class (defined in ¶ 1(i) below); and (b) defendants ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") and Thomas J. Schall ("Schall" and with ChemoCentryx, "Defendants" and, together with Class Representative, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiff's Claims as against all Defendants' Releasees.[1]

WHEREAS:

A.     The initial complaint in this action was filed on May 5, 2021. ECF No. 1. On January 28, 2022, the Honorable Jon S. Tigar appointed Indiana Public Retirement System as Lead Plaintiff and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the potential Class. ECF No. 32.

B.     On March 28, 2022, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). ECF No. 47. In the Complaint, Lead Plaintiff alleges that Defendants ChemoCentryx and Schall violated of Sections 10(b) the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, by making alleged misrepresentations concerning ChemoCentryx's ADVOCATE study, the Company's Phase 3 clinical trial of its vasculitis drug, avacopan, and the Company's communications with the FDA related to the approval of avacopan. Lead Plaintiff further asserts claims under Sections 20(a) and 20A of the Exchange Act against Defendant Schall, alleging that Schall controlled ChemoCentryx when the Company made the alleged misstatements

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

STIPULATION AND AGREEMENT                     Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

concerning avacopan in violation of Section 20(a); and that he sold ChemoCentryx stock while in possession of material non-public information about avacopan, and that Lead Plaintiff and other Class Members purchased ChemoCentryx stock contemporaneously with those sales, in violation of Section 20A.

C.    Defendants moved to dismiss the Complaint on May 19, 2022. ECF No. 50. On February 23, 2023, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. ECF No. 61. Defendants filed their Answer to the Complaint on April 27, 2023. ECF No. 71.

D.    On August 25, 2023, Lead Plaintiff filed a motion for class certification. ECF No. 74. After full briefing and a hearing, on March 6, 2024, Judge Tigar issued an Order granting the motion and certifying the Class as defined in ¶ 1(i) below, appointing Lead Plaintiff as Class Representative for the Class, and appointing Lead Counsel as Class Counsel. ECF No. 131. On May 23, 2024, the United States Court of Appeals for the Ninth Circuit denied Defendants' petition for leave to take an immediate appeal of the Court's order certifying the Class pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.

E.    The Parties conducted a private mediation in February 2024. No settlement was reached at that time.

F.    On September 25, 2024, Class Representative filed an unopposed motion for Court approval of the Parties' agreed form and manner of providing notice to the Class of the pendency of the class action. ECF No. 174. On October 17, 2024, the Court entered an Order granting Class Representative's unopposed motion to approve the proposed form, content, and method for dissemination of the Notice of Pendency of Class Action (the "Class Notice") and the Summary Notice of Pendency of Class Action. ECF No. 179 (the "Class Notice Order").

G.    Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that if they chose to

remain a member of the Class, they would "be legally bound by all determinations, orders, and judgments that the Court makes in the Action, whether favorable or unfavorable."

H.    The Class Notice was mailed to 35,220 potential Class Members beginning on November 13, 2024. The deadline for requesting exclusion from the Class pursuant to the Class Notice was January 14, 2025. Attached hereto as Appendix A is a list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice.

I.    During discovery, Defendants produced approximately 7.8 million pages of documents and dozens of third parties (including the FDA, Amgen Inc., and ChemoCentryx's consultants, bankers, and former employees) produced tens of thousands of additional pages of documents. The Parties conducted 21 depositions of fact witnesses and 17 depositions of expert witnesses; and prepared and exchanged 24 expert reports.

J.    On February 13, 2025, the Parties filed 11 *Daubert* motions. The Court heard oral argument on April 10, 2025, and decided those motions on May 21, 2025. ECF No. 275.

K.    Class Representative filed a motion for partial summary judgment on May 8, 2025, and Defendants filed a motion for summary judgment on May 29, 2025. ECF Nos. 267, 279. The Court heard oral argument on those motions on August 7, 2025.

L.    On August 15, 2025, the Court issued an Order granting Defendants' motion for summary judgment and denying Class Representative's motion as moot. ECF No. 345. On the same day, the Court issued its Judgment. ECF No. 346.

M.    On September 12, 2025, Class Representative appealed the Court's Order Granting Defendants' Motion for Summary Judgment and Judgment to the Ninth Circuit Court of Appeals ("Ninth Circuit"). ECF No. 354. *See Indiana Public Ret. Sys. v. ChemoCentryx, Inc.* No. 25-5859 (9th Cir.). On January 5, 2026, Class Representative filed its opening brief in support of its appeal.

N.    On January 26, 2026, while Class Representative's appeal was pending, the Parties executed a Memorandum of Understanding ("MOU") reflecting an agreement in principle to settle all claims in this Action against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $35,000,000 for the benefit of the Class, subject to certain terms and

conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

O.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

P.     Based upon their investigation, prosecution, and mediation of the case, Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representative and the other Class Members, and in their best interests. Based on Class Representative's direct oversight of the prosecution of this matter and with the advice of its counsel, Class Representative has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Class Representative and the other Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

Q.     This Stipulation constitutes a compromise of all matters that are in dispute among the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant with respect to any claim or allegation of, any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representative of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representative (individually and on behalf of all other Class Members) and Defendants, by and

STIPULATION AND AGREEMENT
OF SETTLEMENT
- 4 -
Master File No. 4:21-cv-03343-JST

through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

**DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the securities class action in the matter titled *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST in the U.S. District Court for the Northern District of California, and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "ChemoCentryx" or the "Company" means ChemoCentryx, Inc.

(e)    "Claim" means a paper claim submitted on a Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)    "Claims Administrator" means Kroll Settlement Administration LLC, the firm retained by Class Counsel and approved by the Court in connection with Class Notice, subject to the continuing approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

STIPULATION AND AGREEMENT                    - 5 -              Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

(i)     "Class" means the Class certified by the Court's Opinion and Order dated March 6, 2024 (ECF No. 131). Specifically, the Class consists of all persons who purchased or otherwise acquired the common stock of ChemoCentryx between November 26, 2019 and May 6, 2021, inclusive, and were damaged thereby. Excluded from the Class are (a) Defendants; (b) their respective successors and assigns; (c) the past and current executive officers and directors of Defendants; (d) the Immediate Family Members of Defendant Thomas J. Schall; and (e) the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities. Also excluded from the Class are (a) the persons and entities who excluded themselves from the Class pursuant to the Class Notice as set forth in ECF No. 187-5 (attached hereto as Appendix A), except that such persons or entities may choose to participate in the Settlement by providing appropriate notice to the Claims Administrator of their desire to opt back into the Class by the opt-in deadline; and (b) if, and only if, the Court in its discretion requires an additional opportunity to request exclusion from the Class in connection with the Settlement, any additional persons and entities who request exclusion from the Class in connection with the Settlement ("Future Excluded Persons," as defined in ¶ 1(z) herein).

(j)     "Class Counsel" or "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP.

(k)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)     "Class Member" means each person or entity that is a member of the Class.

(m)     "Class Notice" means the Notice of Pendency of Class Action dated November 15, 2024.

(n)     "Class Period" means the period from November 26, 2019 through May 6, 2021, inclusive.

STIPULATION AND AGREEMENT          - 6 -          Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

(o)    "Class Representative" or "Lead Plaintiff" means Indiana Public Retirement System.

(p)    "Complaint" means the Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws filed by Class Representative in the Action on March 28, 2022.

(q)    "Court" means the United States District Court for the Northern District of California.

(r)    "Defendants" means ChemoCentryx and Thomas J. Schall.

(s)    "Defendants' Counsel" means Latham & Watkins LLP.

(t)    "Defendants' Releasees" means (i) Defendants, (ii) each of their respective past, present and future Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which Defendant Thomas J. Schall is the settler or which is for the benefit of any Defendant and/or member(s) of his family, (iii) Amgen, Inc., and (iv) for any of the entities included in (i), (ii) or (iii), their respective past, present and future general partners, limited partners, principals, shareholders, joint venturers, parent entities, subsidiaries, related entities and affiliates, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Defendants' counsel and all other counsel who have represented any current or former Defendant in the Action), professionals, parents, predecessors, successors, assigns, heirs, executors, administrators, estates, beneficiaries, foundations and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

(u)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(v)    "Escrow Account" means an account maintained at Citigroup, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(w)    "Escrow Agent" means Citigroup, N.A.

(x)    "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(y)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(z)    "Future Excluded Persons" means, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any persons and entities who exclude themselves by submitting a request for exclusion as directed in the Settlement Notice and whose requests are accepted by the Court.

(aa)    "Immediate Family Members" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(bb)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(cc)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action, for which Class Counsel intends to apply to the Court for payment from the Settlement Fund.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(ee)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class of the Settlement (including, but not limited to, the costs associated with the Class Notice, Postcard Notice, and Settlement Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ff)    "Parties" means Defendants and Class Representative, on behalf of itself and the Class.

(gg)    "Plaintiff's Releasees" means (i) Lead Plaintiff and the members of the Class, and (ii) each of their respective past, present and future family members, and their respective past present and future general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Lead Counsel and all other counsel who have represented any current or former plaintiff or proposed putative class in the Action), professionals, parents, predecessors, successors, assigns, heirs, executors, administrators, estates, beneficiaries, foundations and any controlling person thereof, in their capacities as such.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice. Any plan of allocation is not part of the Stipulation and Defendants' Releasees shall not have any responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation (or any other plan of allocation proposed in the Action and/or approved by the Court) shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

(ii)    "Postcard Notice" means the postcard notice of the Settlement, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members.

(jj)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(kk)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(mm)    "Released Defendants' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1(xx)), disputes, demands, liabilities, losses, rights, and causes of action of any nature whatsoever, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever) of every nature and description whatsoever, whether in law or in equity, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Defendants' Releasees or any of them against Class Representative, members of the Class, or Class Counsel (including, but not limited to, any of its current and former partners or employees), which: (a) arise out of or relate in any way to the institution, prosecution, assertion, settlement, or

STIPULATION AND AGREEMENT                    - 10 -              Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

resolution of the Action (except for claims to enforce the settlement) or (b) relate to conduct of, or acts undertaken by, Class Representative or Class Counsel (including any attorney or other professional who was employed at, retained by, or assisting Class Counsel at the time) during the prosecution or investigation of the Action (including those relating to or arising from any communications between Lead Plaintiff and/or Lead Counsel and any U.S. or foreign governmental regulator regarding avacopan, New Drug Application # 214487, ChemoCentryx, or Amgen, Inc. relating to the subject matter of the claims and/or defenses in this Action) or any claims asserted in the Action; including without limitation any claims for defamation, slander, or libel.

(nn)    "Released Plaintiff's Claims" means all claims (including "Unknown Claims" as defined in ¶ 1(xx)), disputes, demands, losses, liabilities, rights, damages, losses, actions or causes of action, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever) of every nature and description whatsoever, whether in law or in equity, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Class Representative, any member of the Class, or their respective successors, assigns, parents, affiliates, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants' Releasees, that (a) arise out of, are based on, or relate in any way to any of the allegations, claims, disclosures, acts, transactions, facts, events, circumstances, matters, occurrences, conduct, failures to act, statements, representations or omissions involved, set forth, alleged or referred to in the Action (or any complaint filed in the Action) or which could have been alleged or referred to in the Action, and (b) arise out of, are based on, or relate to the purchase or acquisition of ChemoCentryx common stock during the Class Period. "Released Plaintiff's' Claims" does not, however, include

(i) any claims to enforce the settlement; or (ii) any claims of any person or entity that is excluded from the Class.

(oo)     "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(pp)     "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq)     "Settlement" means the settlement between Class Representative and Defendants on the terms and conditions set forth in this Stipulation.

(rr)     "Settlement Amount" means $35,000,000 (thirty-five million U.S. dollars) in cash to be paid to the Escrow Agent by wire transfer pursuant to ¶ 8 of this Stipulation.

(ss)     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon and which may be reduced by payments or deductions as provided herein or by Court order.

(tt)     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)     "Settlement Notice" means the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the case website and mailed and/or emailed to Class Members upon request.

(vv)     "Summary Settlement Notice" means the Summary Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)     "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(xx)    "Unknown Claims" means any and all Released Plaintiff's Claims against the Defendants' Releasees that Class Representative, Class Counsel, or any Class Member does not know or suspect to exist in his, her, their, or its favor at the time of their release, and any and all Released Defendants' Claims against the Plaintiff's Releasees that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of their release, including without limitation those that, if known might have affected in any way his, her, their, or its decision(s) with respect to the settlement or the releases. With respect to any and all Released Claims, the Parties agree that, upon the Effective Date of the Settlement, Class Representative and each Defendant shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative, other Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representative, each Class Member, and Defendants shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(yy)    "Website" means the website created specifically for the Action in connection with the Class Notice, www.ChemoCentryxSecuritiesLitigation.com, on which the

STIPULATION AND AGREEMENT                    - 13 -              Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

Settlement Notice and Claim Form, as well as other information related to the Settlement, will be posted.

### PRELIMINARY APPROVAL OF SETTLEMENT

2.      No later than ten (10) business days following execution of this Stipulation, Class Representative will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement. Concurrently with the motion for preliminary approval, Class Representative shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Defendants will agree to the Preliminary Approval Order if it is substantially in the form attached hereto as Exhibit A, otherwise complies with and does not contravene the terms of this Stipulation and the MOU, and otherwise complies with and does not contravene all applicable court and federal rules of procedure.

3.      In connection with the motion for preliminary approval of the Settlement, the Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class. However, the Settlement is not contingent on the Court's decision regarding whether or not a second opportunity to request exclusion shall be permitted.

### RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action against Defendants; and (b) the Releases provided for herein. The Releases contained in this section were separately bargained for and are essential elements of the Settlement as embodied in this Stipulation.

5.      In consideration of the payment of the Settlement Amount, upon final judicial approval of the Settlement, Class Representative shall dismiss the Action with prejudice. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as

such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees. This Release shall not apply to: (i) any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice as set forth on Appendix 1 hereto and does not opt back into the Class as directed in the Notice; or (ii) any Future Excluded Persons.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the full and complete settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) business days after preliminary approval of the Settlement. Class Counsel has previously provided Defendants' Counsel with all information necessary to effectuate a transfer of funds to the Escrow Account,

including: (a) wiring instructions on Class Counsel's firm's or bank letterhead that include the bank name and ABA routing number, account name and number, and (b) a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited. Defendants shall have no obligation to pay any additional amounts beyond the Settlement Amount other than to pay for the costs of issuing and administering the CAFA notice, as provided in ¶ 20 below.  Defendants shall not be required to refund or repay the taxable costs that the Court awarded to them as prevailing parties pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920, 1924.

## USE OF SETTLEMENT FUND

9.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any reasonable Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants and any other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with

respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability, obligation, or responsibility for any such Taxes or the payment of such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel, its agents, or anyone else with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, other Defendants' Releasee, or any other person or entity that paid

any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Prior to the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable, up to five hundred thousand dollars ($500,000). Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court with an opportunity for Defendants to be heard. After the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Class Notice, Postcard Notice, Settlement Notice, and Claim Form, developing and updating the Website and posting the Settlement Notice and Claim Form, publishing the Summary Settlement Notice, reimbursements to nominee owners for searching and providing the names/addresses of Class Members for noticing or forwarding the Class Notice, Postcard Notice, Settlement Notice, and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

15.     Class Counsel will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Class Counsel will also apply to the Court for payment of Litigation Expenses to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representative other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel from the Settlement Fund within five (5) business days of the award (other than any withholding that the Court may impose), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than (i) thirty (30) calendar days after Class Counsel's receipt from the Court of notice of any order that reduces or reverses any award of attorneys' fees and/or Litigation Expenses, or (ii) fourteen (14) calendar days after receipt of appropriate payment instructions for the return of such funds, whichever is later. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Class Representative nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Class Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of this Stipulation and the associated Settlement.

An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.

17.     Defendants and other Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to any payment to Class Counsel from the Settlement Fund and/or the allocation of the award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account. No Defendant or other Defendants' Releasees shall have responsibility for payment of such fees or expenses beyond the obligation of Defendants to cause the Settlement Amount to be funded.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Class Counsel shall seek reappointment of Kroll Settlement Administration LLC ("Kroll") as the Claims Administrator. Kroll was previously approved by the Court to serve as the administrator in connection with the dissemination of Class Notice. ECF No. 179. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representative, any other Class Members, or Class Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail and/or email the Postcard Notice to those Class Members as may be identified through reasonable effort, including those previously identified in connection with Class Notice. Class Counsel shall also cause the Claims

STIPULATION AND AGREEMENT                - 20 -          Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

Administrator to post the Settlement Notice and Claim Form on the Website and cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof of Defendants' compliance with the notice requirements of CAFA.

21.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22.    The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. It is understood and agreed by the Parties that the Plan of Allocation is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding by the Court or any appellate court relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or the Settlement. Class Representative and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or

STIPULATION AND AGREEMENT                - 21 -              Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants and other Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant nor any other Defendants' Releasees shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net

Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court providing that such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants or other Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the

Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants and other Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

29.    No person or entity shall have any claim against Class Representative, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants

STIPULATION AND AGREEMENT                    - 24 -                Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

or other Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representative and Defendants, and their respective counsel, and Class Representative's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to the Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the first business day on which all of the following have occurred or been waived:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Class Representative has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or the Court has entered an Alternate Judgment and none of the Parties seeks to terminate the Settlement; and

(f)    the Judgment or Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representative exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Class Representative and Defendants shall revert to their respective positions in the Action immediately before the execution of the MOU on January 26, 2026;

(c)    Neither Class Representative nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 59 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any

STIPULATION AND AGREEMENT                - 26 -              Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(e)    Within three (3) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 16 above), less any reasonable and documented Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Class Representative and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect

the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, and only in the event that the Court provides a second opportunity for Class Members to request exclusion from the Class in connection with the Settlement, Defendants shall have the right to terminate the Settlement in the event that Future Excluded Persons meet the condition in the Parties' supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be publicly filed with the Court and its terms shall not be publicly disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement). Class Representative shall submit the Supplemental Agreement to the Court under seal in connection with its motion for preliminary approval of the Settlement and will request that the Court afford it confidential treatment. Notwithstanding the foregoing, in the event that the Court requires disclosure to the Class of the Supplemental Agreement, in whole or in part, the Parties will comply and will not void the Settlement on that basis. In the event that the Court does not provide for a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement, Defendants will have no right to terminate the Settlement pursuant to this paragraph.

37.     Class Representative shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel. This remedy is not exclusive; Class Representative also has the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the MOU, the Parties' mediations and subsequent Settlement, the

STIPULATION AND AGREEMENT                  - 28 -            Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

communications and/or discussions leading to the execution of this Stipulation or the MOU, nor any proceedings taken pursuant to or in connection with this Stipulation or MOU and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund within ten (10) business days by others, then, at the election of Class Representative, Class Representative and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Defendants' Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to

the Settlement Fund and less any reasonable Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representative and any other Class Members against Defendants and the other Defendants' Releasees with respect to the Released Plaintiff's Claims. Class Representative and Defendants agree that each has complied fully with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Greg Danilow of Phillips ADR Enterprises, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    Any of Defendants and the other Defendants' Releasees may file this Stipulation and/or the Judgment from this Action in any other action brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim available at law or in equity.

44.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Class Representative and Defendants (or their successors-in-interest).

45.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including approval of the Plan of Allocation

(or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.   This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representative and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.   This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.   This Stipulation and the Supplemental Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.   The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the law of the State of California without regard to any principles of conflicts of laws, except to the extent that federal law requires that federal law govern.

52.   Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.  Class Counsel is also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Class Counsel deems appropriate.

55.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

57.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Class Representative or Class Counsel: | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>Attn:  Jonathan D. Uslaner<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br>Tel: (310) 819-3481<br>jonathanu@blbglaw.com |
|---|---|
| If to Defendants or Defendants' Counsel: | **LATHAM & WATKINS LLP**<br>Attn:  Andrew B. Clubok<br>Susan E. Engel<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, DC 20004<br>Tel.: (202) 637-2200<br>Andrew.Clubok@lw.com<br>Susan.Engel@lw.com |

Michele D. Johnson
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92692
Tel: (714) 540-1235
Michele.johnson@lw.com

Colleen C. Smith
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Colleen.smith@lw.com

58.    Except as otherwise provided herein, each Party shall bear its own costs.

59.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law.

60.    All agreements made and orders entered during the course of this Action including the Stipulated Protective Order (ECF No. 69) and the MOU that relate to the confidentiality of information and limitation of use of information, documents, or communications, including, among other things, communications between Lead Plaintiff and/or Lead Counsel and any U.S. or foreign governmental regulator, shall survive the Settlement and continue to be effective and irrevocable. For the avoidance of doubt, this provision includes the obligation of each Party to return or destroy all documents or electronic data in its or its representatives' possession that the opposing Party produced to it in this Action in accordance with the Stipulated Protective Order. The Parties reserve all rights, and release none in this Stipulation, regarding any subsequent disclosure of their protected information by the opposing Party or its representatives.

61.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 9, 2026.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*-and-*

Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Katherine M. Sinderson (admitted *pro hac vice*)
(KatieM@blbglaw.com)
Jorge G. Tenreiro (admitted *pro hac vice*)
(jorge.tenreiro@blbglaw.com)
John Esmay (admitted *pro hac vice*)
(john.esmay@blbglaw.com)
Shane Avidan (admitted *pro hac vice*)
(Shane.Avidan@blbglaw.com
Jim Briggs (admitted *pro hac vice*)
(Jim.Briggs@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

***Counsel for Lead Plaintiff Indiana Public Retirement System and Lead Counsel for the Class***

**LATHAM & WATKINS LLP**

Andrew B. Clubok (admitted *pro hac vice*)
(Andrew.Clubok@lw.com)
Susan E. Engel (admitted *pro hac vice*)
(Susan.Engel@lw.com)
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Tel.: (202) 637-2200

Michele D. Johnson (Bar No. 198298)
(Michele.Johnson@lw.com)
Jordan D. Cook (Bar No. 293394)
(Jordan.Cook@lw.com)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

Colleen C. Smith (Bar No. 231216)
(Colleen.Smith@lw.com)
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400

Meryn C. N. Grant (Bar No. 291315)
(Meryn.Grant@lw.com)
355 South Grand Avenue
Los Angeles, CA 90071-1560
Tel: (213) 485-1234

Blake T. Denton (admitted *pro hac vice)*
(Blake.Denton@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 906-1200

***Counsel for Defendants ChemoCentryx, Inc.
and Thomas J. Schall***

#3724155

STIPULATION AND AGREEMENT　　　　　　- 36 -　　　　　　Master File No. 4:21-cv-03343-JST
OF SETTLEMENT

# Appendix A

**Requests for Exclusion Received**

1.    Petrus Bekker
      Haiku, HI

2.    RA Capital Healthcare Fund, L.P.
      Boston, MA

# Exhibit A

**BERNSTEIN LITOWITZ BERGER**                                    **Exhibit A**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Katherine M. Sinderson (admitted *pro hac vice*)
(katiem@blbglaw.com)
John Esmay (admitted *pro hac vice*)
(john.esmay@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-554-1400
Fax: 212-554-1444

*Lead Counsel for Lead Plaintiff Indiana Public*
*Retirement System and the Class*


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>                   Plaintiffs,<br><br>      v.<br><br>CHEMOCENTRYX, INC. et al.,<br><br>                   Defendants. | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT** |

WHEREAS, a securities class action is pending in this Court entitled *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST ("Action");

WHEREAS, by Order dated March 6, 2024 (ECF No. 131), this Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"), and were damaged thereby ("Class").[1] The Court also appointed Lead Plaintiff Indiana Public Retirement System ("Class Representative") as Class Representative for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Class;

WHEREAS, by Order dated October 17, 2024 (ECF No. 179), the Court (a) approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by January 14, 2025, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and (b) approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on November 13, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 35,220 copies of the Class Notice and two requests for exclusion from the Class were received by January 14, 2025 (ECF No.187, at ¶¶ 4-5, 11, 15 & Ex. 5);

---

[1] Excluded from the Class are (a) Defendants; (b) their respective successors and assigns; (c) the past and current executive officers and directors of Defendants; (d) the Immediate Family Members of Defendant Thomas J. Schall; and (e) the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix A to the Stipulation that do not opt back into the Class in connection with the Settlement.

[PROPOSED] ORDER PRELIMINARILY                    Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

WHEREAS, on August 15, 2025, the Court issued an Order granting Defendants' motion for summary judgment disposing of the case, ECF No. 345, and on the same day, the Court issued Judgment in favor of Defendants, ECF No. 346, and Class Representative thereafter appealed;

WHEREAS, Class Representative, on behalf of itself and the other members of the Class, and Defendants (together with Class Representative, the "Parties") has determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 9, 2026 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.    **Settlement Hearing** – The Court will hold a settlement hearing ("Settlement Hearing") on _____ __, 2026 at __:__ _.m. in Courtroom 6 (2nd Floor) of the Oakland Courthouse, United States District Court for the Northern District of California, 1301 Clay Street,

Oakland, CA 94612, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the case website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel is hereby authorized to retain Kroll Settlement Administration LLC ("Claims Administrator" or "Kroll"), the administrator previously approved by the Court to administer the dissemination of Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)      not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially

[PROPOSED] ORDER PRELIMINARILY          - 3 -          Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously sent a copy of the Class Notice; and to any other potential Class Member who otherwise may be identified through reasonable effort; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)    by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and Claim Form to be posted on the case website, ChemocentryxSecuritiesLitigation.com. In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*;

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Settlement Notice, Claim Form, and Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of

Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to opt back into the Class if they previously excluded themselves from the Class in connection with Class Notice, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6.    **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that, if they purchased or acquired ChemoCentryx common stock during the period from November 26, 2019 through May 6, 2021, inclusive, for the beneficial interest of any person or entity other than themselves, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from Kroll sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, email a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Kroll.

(a)    For Nominees who chose the first option (*i.e.*, elected to mail or email the Class Notice directly to beneficial owners), Kroll shall forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Postcard Notices, mail or email the Postcard Notices to their beneficial owners.

(b)    For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to Kroll), Kroll shall promptly mail or email a Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired ChemoCentryx

common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Kroll, or is aware of name and address changes for these beneficial owners, these Nominees need not take any further action.

(c)    For Nominees who purchased or acquired ChemoCentryx common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Kroll, or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Kroll, such Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to Kroll, or shall request from Kroll sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from Kroll, mail to the beneficial owners; and

(d)    Nominees and their agents shall forward the Postcard Notice to (or identify names, mailing addresses, and e-mail addresses of) *all* beneficial owners who purchased or otherwise acquired ChemoCentryx common stock during the Class Period, regardless of whether or not those beneficial owners have enrolled in a claim-filing program with their broker or financial institution.

(e)    Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

[PROPOSED] ORDER PRELIMINARILY              - 6 -              Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

7.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court is exercising its discretion not to allow a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Low v. Trump Univ.*, LLC, 881 F.3d 1111, 1121 (9th Cir. 2018); *Alexander v. FedEx Ground Package Sys., Inc.*, 2016 WL 1427358, at *6 (N.D. Cal. Apr. 12, 2016).

12.     **Opting Back Into the Class** – Any person who or entity that previously submitted a request for exclusion in connection with Class Notice, as set forth in Appendix A to the Stipulation, may elect to opt back into the Class and be eligible to receive a payment from the Settlement Fund. Any person or entity set forth on Appendix A to the Stipulation who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the Class in writing within the time and in the manner set forth in the Settlement Notice, which

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE                    - 8 -                    Master File No. 4:21-cv-03343-JST

provides that any such request to opt back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the Claims Administrator at: *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5013, New York, NY 10150-5013.  Each request to opt back into the Class must: (a) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

13. Any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice and does not opt back into the Class in accordance with the requirements set forth in this Order and the Settlement Notice remains excluded from the Class and shall not be a Class Member, shall not be bound by the terms of the Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

14. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court. Any Class Member who does not enter an appearance will be represented by Class Counsel.

15. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. Any Class Member that files a timely written objection with the Court may request to speak at the Settlement Hearing, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its choice, by including this

[PROPOSED] ORDER PRELIMINARILY        - 9 -        Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

request in the timely written objection. Any such request to speak at the Settlement Hearing may be granted or denied by the Court in the exercise of its discretion. If a Settlement Class Member who files a timely written objection wishes to hire an attorney to represent him, her, them, or it in making the written objection or in appearing at the Settlement Hearing, that will be at his, her, their, or its own expense and that attorney must file a notice of appearance with the Court no later than twenty-one (21) calendar days prior to the Settlement Hearing.

16.     To be valid, a written objection must contain the Class Member's full name, the basis for the objector's belief that he, she, or it is a member of the Class, the basis of their objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and their signature. All written objections and supporting papers must (a) clearly identify the case name and number (*Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

17.     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement

[PROPOSED] ORDER PRELIMINARILY                 - 10 -                 Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

should be approved, the Court bars and enjoins Class Representative, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

19.    **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs actually incurred and paid or payable up to five hundred thousand dollars ($500,000) may be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court. Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court with an opportunity for Defendants to be heard.

20.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and Class Representative and Defendants shall revert to their respective positions in the Action immediately before the execution of the MOU on January 26, 2026, as provided in the Stipulation.

23.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any

[PROPOSED] ORDER PRELIMINARILY        - 11 -        Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

other plan of allocation that may be approved by the Court), the MOU, the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation or the MOU, nor any proceedings taken pursuant to or in connection with the Stipulation or MOU and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

[PROPOSED] ORDER PRELIMINARILY          - 12 -          Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24.    **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.    **Jurisdiction** –The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _____ day of _____, 2026.

_____
The Honorable Jon S. Tigar
United States District Judge

# Exhibit A-1

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.ChemoCentryxSecuritiesLitigation.com for more information.*

The parties in the securities class action, *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST (N.D. Cal.) (the "Action"), have reached a proposed settlement of all claims in the Action against ChemoCentryx, Inc. ("ChemoCentryx") and its former Chief Executive Officer, Dr. Thomas J. Schall (together, "Defendants"). In the Action, Class Representative Indiana Public Retirement System alleges that Defendants made material misrepresentations concerning a clinical trial of ChemoCentryx's vasculitis drug, avacopan, and the Company's communications with the FDA related to the approval of avacopan from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"). Defendants deny any liability or wrongdoing. You received this notice because you may be a member of the following certified Class: all persons who purchased or otherwise acquired the common stock of ChemoCentryx during the Class Period, and were damaged thereby.

Pursuant to the Settlement, Defendants have agreed to pay **$35,000,000 in cash**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Settlement Notice available at www.ChemoCentryxSecuritiesLitigation.com.** If you are a Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in ChemoCentryx common stock during the relevant time period. If all Class Members elect to participate in the Settlement, the estimated average recovery per eligible share will be approximately $1.46 before deducting any Court-approved fees, expenses, and costs. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Settlement Notice, or other plan ordered by the Court.

**To be eligible for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on **www.ChemoCentryxSecuritiesLitigation.com**, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2026.** If you want to object to any aspect of the Settlement, you must file an objection by _____, 2026. The full Settlement Notice provides instructions on how to submit a Claim Form and how to object, and you must comply with all the instructions in the Settlement Notice. Class Members were previously provided the opportunity to request exclusion from the Class in connection with class certification, and there will not be a second opportunity to request exclusion in connection with the Settlement. If you previously requested exclusion, however, you may opt back into the Class by following the instructions in the full Settlement Notice.

The Court will hold a hearing on _____, 2026, at __:00 _.m. Pacific Time, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 22% of the Settlement Fund in attorneys' fees, plus expenses of no more than $5 million (which equals a cost of approximately $0.53 per eligible share). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-833-522-2606, email info@ChemoCentryxSecuritiesLitigation.com, or visit www.ChemoCentryxSecuritiesLitigation.com.**

ChemoCentryx Securities Litigation
c/o Kroll Settlement Administration
P.O. Box 5013
New York, NY 10150-5013

*COURT-ORDERED LEGAL NOTICE*

*Homyk v. ChemoCentryx, Inc.*,
Master File No. 4:21-cv-03343-JST (N.D. Cal.)

**Your legal rights may be affected by this securities
class action. You may be eligible for a cash
payment from the Settlement. Please read this
Postcard Notice carefully.**

**For more information, please visit
www.ChemoCentryxSecuritiesLitigation.com
or call 1-833-522-2606.**

[**ADD QR CODE HERE**]

# Exhibit A-2

**Exhibit A-2**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CHEMOCENTRYX, INC. et al.,<br><br>                    Defendants. | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357 |

**NOTICE OF (I) PROPOSED CLASS ACTION
SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:    All persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"), and were damaged thereby.**

*A Federal Court authorized this Settlement Notice.
This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  Please be advised that Class Representative Indiana Public Retirement System ("Class Representative" or "Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 27 below), has reached a proposed settlement of the Action for **$35,000,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, ChemoCentryx, any other Defendants in the Action, or their counsel.  All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 77 below).** [1]

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement dated March 9, 2026 (the "Stipulation"), which is available at www.ChemoCentryxSecuritiesLitigation.com.

1.    **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that ChemoCentryx and its former President and Chief Executive Officer, Dr. Thomas J. Schall (together, "Defendants"), violated the federal securities laws by making material misrepresentations during the Class Period regarding ChemoCentryx's ADVOCATE study, the Company's Phase 3 clinical trial of its vasculitis drug avacopan, and concerning the Company's communications with the FDA related to the approval of avacopan.  Defendants deny all allegations in the Action and deny any violations of the federal securities law.  A more detailed description of the Action is set forth in paragraphs 10-26 below.  If the Court approves the proposed Settlement, the Action will be dismissed and members of the Class (defined in paragraph 27 below) will settle and release all Released Plaintiff's Claims (defined in paragraph 36 below).

2.    **Statement of the Class's Recovery:**  Subject to Court approval, Class Representative, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of **$35,000,000** in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any reasonable Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Class Representative's damages expert's estimate of the number of ChemoCentryx common stock shares that may have been affected by the misstatements alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.46 per eligible share of ChemoCentryx common stock. **Class Members should note, however, that the foregoing average recovery per share is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their ChemoCentryx common stock, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties disagree about both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Class Representative were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Court-appointed Class Counsel, Bernstein Litowitz Berger & Grossmann LLP, which has been prosecuting the Action on a wholly contingent basis for more than four years, has not received any payment of attorneys' fees for its representation of the Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund. In addition, Class Counsel will apply for payment of the Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $5 million.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  If the Court approves Class Counsel's fee and expense application, the estimated average cost will be $0.53 per affected share of ChemoCentryx common stock.

6.    **Identification of Attorneys' Representatives:**    Class Representative and the Class are represented by Jonathan D. Uslaner of Bernstein Litowitz Berger & Grossmann LLP.  Further information regarding the Action, the Settlement, and this Settlement Notice may be obtained by contacting the Claims Administrator at: *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5013, New York, NY 10150-5013; info@ChemoCentryxSecuritiesLitigation.com; (833) 522-2606; or by visiting the case website, www.ChemoCentryxSecuritiesLitigation.com.

7.    **Reasons for the Settlement:**    Class Representative's principal reason for entering into the Settlement is the near-term cash benefit for the Class without the substantial risks and the delays inherent in further litigation.  The substantial cash benefit provided under the Settlement must be considered against the significant risk that no recovery at all might be obtained.  At the time the Settlement was reached, the Action had been dismissed in its entirety on Defendants' motion for summary judgment, and any recovery for the Class was dependent on the resolution of the pending appeal in favor of Class Representative, and the potential outcome at trial (if the appeal succeeded).  Moreover, any recovery obtained for the Class through litigation could not be expected for at least several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 36 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 37 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *POSTMARKED OR FILED* **NO LATER THAN _____, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2026 AT __:00 __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection.  If you do not submit a written objection, you are unlikely to be allowed to speak in Court about the fairness of the settlement. |

| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
| --- | --- |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for [_____], 2026 at [__]:00 _.m. Pacific Time—is subject to change without further notice to the Class.  If you plan to attend the hearing, you should check the case website, www.ChemoCentryxSecuritiesLitigation.com, or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Settlement Notice?                                                      Page [__]
What Is This Case About?                                                                    Page [__]
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                                                           Page [__]
What Are Class Representative's Reasons For The Settlement?                                 Page [__]
What Might Happen If There Were No Settlement?                                             Page [__]
How Are Class Members Affected By The Action And The Settlement?                           Page [__]
How Do I Participate In The Settlement?  What Do I Need To Do?                              Page [__]
How Much Will My Payment Be?                                                                Page [__]
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                                                           Page [__]
What If I Previously Requested Exclusion From The Class And Now
    Want To Be Eligible To Receive A Payment From The Settlement?
    How Do I Opt Back Into The Class                                                        Page [__]
When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
     Don't Like The Settlement?                                                             Page [__]
What If I Bought or Held ChemoCentryx Common Stock On Someone Else's Behalf?               Page [__]
Can I See The Court File?  Whom Should I Contact If I Have Questions?                      Page [__]
Appendix A: Plan of Allocation of the Net Settlement Fund                                  Page [__]

## WHY DID I GET THIS SETTLEMENT NOTICE?

8.    The purpose of this Settlement Notice is to inform potential Class Members of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 61-62 below for details about the Settlement Hearing, including the date and location of the hearing.

9.    The issuance of this Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

10.    ChemoCentryx is a biopharmaceutical company incorporated under the laws of the State of Delaware, with its corporate headquarters and principal place of business in California. Until October 19, 2022, ChemoCentryx's common stock traded on the NASDAQ stock exchange under the ticker symbol "CCXI."  In the Action, Class Representative alleged that Defendants made misstatements to investors during the Class Period about the safety and efficacy of ChemoCentryx's vasculitis drug called avacopan, and the Company's application for FDA approval of avacopan.

11.    The initial complaint in this action was filed on May 5, 2021.  On January 28, 2022, the Honorable Jon S. Tigar appointed Indiana Public Retirement System as Lead Plaintiff and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the potential Class.

12.    On March 28, 2022, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). In the Complaint, Lead Plaintiff alleged that Defendants ChemoCentryx and Schall violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, by making alleged misrepresentations concerning ChemoCentryx's ADVOCATE study, the Company's Phase 3 clinical trial of avacopan, and the Company's communications with the FDA related to the approval of avacopan.  Lead Plaintiff alleged that these misstatements and omissions caused the price of ChemoCentryx common stock to be artificially inflated during the Class Period and caused damages to investors when the market later allegedly learned the truth allegedly concealed by Defendants' misleading statements.  Lead Plaintiff further alleged claims under Sections 20(a) and 20A of the Exchange Act against Defendant Schall, alleging that Schall controlled ChemoCentryx when the Company made the alleged misstatements concerning avacopan in violation of Section 20(a); and that Schall sold ChemoCentryx stock while in possession of material non-public information about avacopan, and that Lead Plaintiff and other Class Members purchased ChemoCentryx stock contemporaneously with those sales, in violation of Section 20A.

13.    Defendants moved to dismiss the Complaint on May 19, 2022.  On February 23, 2023, the Court issued an order granting in part and denying in part Defendants' motion to dismiss.  Defendants filed their Answer to the Complaint on April 27, 2023.

14.    On August 25, 2023, Lead Plaintiff filed a motion for class certification. After full briefing and a hearing, on March 6, 2024, Judge Tigar issued an Order granting the motion and certifying the Class as defined in ¶ 27 below, appointing Lead Plaintiff as Class Representative for the Class, and appointing Lead Counsel as Class Counsel.  On May 23, 2024, the United States Court of Appeals for the Ninth Circuit denied Defendants' petition for leave to take an immediate appeal of the Court's order certifying the Class pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.

15.    The Parties conducted a private mediation in February 2024.  No settlement was reached at that time.

16.    On September 25, 2024, Class Representative filed an unopposed motion for Court approval of the Parties' agreed form and manner of providing notice to the Class of pendency of the class action. On October 17, 2024, the Court entered an Order granting that motion (the "Class Notice Order").

17.    Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that if they chose to remain a member of the Class, they would "be legally bound by all determinations, orders, and judgments that the Court makes in the Action, whether favorable or unfavorable."

18.    The Class Notice was mailed to 35,220 potential Class Members beginning on November 13, 2024. The deadline for requesting exclusion from the Class pursuant to the Class Notice was January 14, 2025. A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.ChemoCentryxSecuritiesLitigation.com.

19.    During discovery, Defendants produced approximately 7.8 million pages of documents and dozens of third parties (including the FDA, Amgen, and ChemoCentryx's consultants, bankers, and former employees) produced tens of thousands of additional pages of documents. The Parties conducted 21 depositions of fact witnesses and 17 depositions of expert witnesses; and prepared and exchanged 24 expert reports.

20.    On February 13, 2025, Class Representative and Defendants filed a total of 11 motions to exclude portions of expert testimony offered by the adverse party.  The Court heard oral argument on April 10, 2025 and decided those motions on May 21, 2025.

21.    Class Representative filed a motion for partial summary judgment on May 8, 2025, and Defendants filed a motion for summary judgment on May 29, 2025. The Court heard oral argument on those motions on August 7, 2025.

22.    On August 15, 2025, the Court issued an Order granting Defendants' motion for summary judgment and denying Class Representative's motion as moot. On the same day, the Court issued its Judgment.

23.    On September 12, 2025, Class Representative appealed the Court's Order Granting Defendants' Motion for Summary Judgment and the Judgment to the Ninth Circuit Court of Appeals. On January 5, 2026, Class Representative filed its opening brief in support of its appeal.

24.    On January 26, 2026, while Class Representative's appeal was pending, the Parties executed a Memorandum of Understanding ("MOU") reflecting an agreement in principle to settle all claims in this Action against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $35,000,000 for the benefit of the Class, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

25.    On March 9, 2026, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement.  The Stipulation can be viewed at www.ChemoCentryxSecuritiesLitigation.com.

26.    On [_____], 2026, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

> ### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
> ### WHO IS INCLUDED IN THE CLASS?

27.    If you are a member of the Class, you are subject to the Settlement, unless you previously requested to be excluded from the Class.  The Class was certified by the Court's Order dated March 6, 2024 and consists of:

> **all persons who purchased or otherwise acquired the common stock of ChemoCentryx between November 26, 2019 and May 6, 2021, inclusive, and were damaged thereby**

Excluded from the Class are: (a) Defendants; (b) their respective successors and assigns; (c) the past and current executive officers and directors of Defendants; (d) the Immediate Family Members of Defendant Thomas J. Schall; and (e) the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities.  Also excluded from the Class are persons and entities who excluded themselves from the Class pursuant to the Class Notice (a list of the persons and entities who requested exclusion is available at www.ChemoCentryxSecuritiesLitigation.com).  However, those persons or entities may choose to participate in the Settlement by following the instructions in ¶ 58 below.

**Please Note:**  **Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2026. The Claim Form is available at www.ChemoCentryxSecuritiesLitigation.com, and an online claim can be submitted through that website.**

> ### WHAT ARE CLASS REPRESENTATIVE'S REASONS FOR THE SETTLEMENT?

28.    At the time the Settlement was reached, all claims asserted by Class Representative had been dismissed by the District Court when it entered its Order granting Defendants' motion for summary judgment.  The Court found that all of Class Representative's alleged misrepresentations were inactionable either because they were statements of opinion or were not misleading.  Therefore, any recovery for the Class through litigation could only be obtained if (a) Class Representative obtained a reversal of the Court's order granting Defendants' motion for summary judgment through its pending appeal, and (b) thereafter succeeded at trial on remand.  There were very significant risks presented by the current appeal that could have led to no recovery at all, and—even if Class Representative had succeeded on appeal and proceeded to trial—it would have faced a number of substantial arguments regarding liability and damages from Defendants.

29.    First, there was a significant risk that Class Representative might not prevail on its pending appeal. While Class Representative believed that it had meritorious arguments for reversal, there was a substantial risk that the Court of Appeals might affirm the District Court's order granting summary judgment. Moreover, even if Class Representative prevailed on the appeal, the District Court could still potentially grant summary judgment again to Defendants on other grounds that the Court did not reach the first time.

Finally, even if Class Representative was able to bring its claims to trial, it would still face significant challenges at trial in proving that the alleged misstatements were false and misleading and in proving damages.

30.    In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  The Settlement provides a substantial benefit to the Class, namely $35,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further pretrial proceedings, at trial, and on any appeals, possibly years in the future.

31.    Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, or wrongdoing whatsoever.  Defendants further deny that Class Members were harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the risks, burdens, and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.    If there were no Settlement and Class Representative did not obtain a reversal of the District Court's Order Granting Defendants' Motion for Summary Judgment on its pending appeal, then neither Class Representative nor the other Class Members would recover anything from Defendants.  Likewise, if the appeal was successful, but Class Representative failed to establish any essential legal or factual element of its claims against Defendants at trial, Class Members would recover nothing from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at trial or on a subsequent appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

33.    As a Class Member, you are represented by Class Representative and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

34.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

35.    If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the

Judgment or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 36 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 37 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

36.    "Released Plaintiff's Claims" means all claims (including "Unknown Claims" as defined in ¶ 38), disputes, demands, losses, liabilities, rights, damages, losses, actions or causes of action, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever) of every nature and description whatsoever, whether in law or in equity, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Class Representative, any member of the Class, or their respective successors, assigns, parents, affiliates, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants' Releasees, that (a) arise out of, are based on, or relate in any way to any of the allegations, claims, disclosures, acts, transactions, facts, events, circumstances, matters, occurrences, conduct, failures to act, statements, representations or omissions involved, set forth, alleged or referred to in the Action (or any complaint filed in the Action) or which could have been alleged or referred to in the Action, and (b) arise out of, are based on, or relate to the purchase or acquisition of ChemoCentryx common stock during the Class Period. "Released Plaintiff's Claims" does not, however, include (i) any claims to enforce the settlement; or (ii) any claims of any person or entity who or which is excluded from the Class.

37.    "Defendants' Releasees" means (i) Defendants, (ii) each of their respective past, present and future Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which Defendant Thomas J. Schall is the settler or which is for the benefit of any Defendant and/or member(s) of his or his family, (iii) Amgen, Inc., and (iv) for any of the entities included in (i), (ii) or (iii), their respective past, present and future general partners, limited partners, principals, shareholders, joint venturers, parent entities, subsidiaries, related entities and affiliates, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Defendants' counsel and all other counsel who have represented any current or former Defendant in the Action), professionals, parents, predecessors, successors, assigns, heirs, executors, administrators, estates, beneficiaries, foundations and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

38.    "Unknown Claims" means any and all Released Plaintiff's Claims against the Defendants' Releasees that Class Representative, Class Counsel, or any Class Member does not know or suspect to exist in his, her, their, or its favor at the time of their release, and any and all Released Defendants' Claims against the Plaintiff's Releasees that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of their release, including without limitation those that, if known might have affected in any way his, her, their, or its decision(s) with respect to the settlement or the releases.  With respect to any and all Released Claims, the Parties agree that, upon the Effective Date of the Settlement, Class Representative and each Defendant shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the judgment shall have waived, any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative, other Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representative, each Class Member, and Defendants shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 40 below) against Class Representative and the other Plaintiff's Releasees (as defined in ¶ 41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees.

40.    "Released Defendants' Claims" means all claims (including "Unknown Claims" as defined in ¶ 38), disputes, demands, liabilities, losses, rights, and causes of action of any nature whatsoever, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever) of every nature and description whatsoever, whether in law or in equity, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Defendants' Releasees or any of them against Class Representative, members of the Class, or Class Counsel (including, but not limited to, any of its current and former partners or employees), which: (a) arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the settlement) or (b) relate to conduct of, or acts undertaken by, Class Counsel during the prosecution or investigation of the Action or any claims asserted in the Action; including without limitation any claims for defamation, slander, or libel.

41.    "Plaintiff's Releasees" means (i) Lead Plaintiff and the members of the Class, and (ii) each of their respective past, present and future family members, and their respective past present and future general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Lead Counsel and all other counsel who have represented any current or former plaintiff or proposed putative class in the Action), professionals, parents, predecessors, successors,

assigns, heirs, executors, administrators, estates, beneficiaries, foundations and any controlling person thereof, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

42.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at **www.ChemoCentryxSecuritiesLitigation.com** **no later than _____, 2026**.  You may obtain a Claim Form from the website maintained by the Claims Administrator for the case, www.ChemoCentryxSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-833-522-2606 or by emailing the Claims Administrator at info@ChemoCentryxSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in ChemoCentryx common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions and holdings in ChemoCentryx common stock.

43.    If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

44.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

45.    Pursuant to the Settlement, Defendants have agreed to cause $35,000,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the reasonable costs and expenses incurred in connection with providing notices to Class Members and administering the Settlement on behalf of Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

48.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 36 above) against the Defendants and other Defendants' Releasees (as defined in ¶ 37 above) and will be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees whether or not such Class Member submits a Claim Form.

50.    Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of ChemoCentryx common stock purchased or held through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY shares of ChemoCentryx common stock purchased or held outside of an ERISA Plan. Claims based on any ERISA Plan's purchases or holdings of ChemoCentryx common stock may be made by the plan's trustees.

51.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member.

52.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

53.    Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

54.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representative.  At the Settlement Hearing, Class Representative will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

55.    Class Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Class, and has not been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund.  At the same time, Class Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $5 million.

56.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2026. A    copy    of    Class    Counsel's    motion    will    be    available    for    review    at www.ChemoCentryxSecuritiesLitigation.com.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund*.  **Class Members are not personally liable for any such fees or expenses**.

**WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT? HOW DO I OPT BACK INTO THE CLASS?**

57.    As this Class was previously certified and Class Members had the opportunity to request exclusion from the Class in connection with class certification, the Court has exercised its discretion not to allow a second opportunity to request exclusion in connection with the Settlement proceedings.

58.    However, if you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may elect to opt back into the Class and be eligible to receive a payment from the Settlement.  In order to opt back into the Class, you, individually or through counsel, must submit a written Request to Opt Back Into the Class addressed as follows: *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration P.O. Box 5013 New York, NY 10150-5013.  This request must be *received* no later than _____, 2026.  Your Request to Opt Back Into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *Homyk v. ChemoCentryx, Inc*., Master File No. 4:21-cv-03343-JST" and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative. **If you opt back into the Class, you will be bound by the Judgment and the release discussed in ¶¶ 36-37 above and you will not be able to bring or continue your own litigation concerning any of the Released Plaintiff's Claims.**

59.    **Please note:**  Opting back into the Class in accordance with the requirements set forth above does not mean that you will automatically be entitled to receive proceeds from the Settlement.  If you opt back into the Class and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are also required to submit the Claim Form and the required supporting documentation as set forth therein by no later than _____, 2026.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

60.    **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

61.    **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to Class Members.  **In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket in the Action through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or the Settlement website, www.ChemoCentryxSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ChemoCentryxSecuritiesLitigation.com.**

62.    The Settlement Hearing will be held on _____, 2026 at __:00 _.m., before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, either in person at the United States District Court for the Northern District of California, Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by

telephone or videoconference (in the discretion of the Court). At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

63.    Any Class Member may file an objection. You may object to the proposed Settlement, the Plan of Allocation or the requested fees and expenses. If you wish to object, your objection must be made in writing and include the following: your full name, the basis for your belief that you are a member of the Class, the basis of your objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and your signature. You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

64.    Any objection must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) **be filed or postmarked on or before _____, 2026**.

65.    **You may not object to the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses if you are not a member of the Class.**

66.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

67.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before _____, 2026**. Such persons may be heard orally at the discretion of the Court.

68.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2026**.

69.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, www.ChemoCentryxSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

70.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT OR HELD CHEMOCENTRYX COMMON STOCK ON SOMEONE ELSE'S BEHALF?

---

71.    In connection with the previously disseminated Class Notice, Nominees were advised that if they purchased or otherwise acquired ChemoCentryx common stock during the Class Period (from November 26, 2019 through May 6, 2021, inclusive) for the beneficial interest of persons or entities other than themselves. they must either (a) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Kroll Settlement Administration ("Kroll"); or (b) request from Kroll sufficient copies of the Class Notice to forward to all such beneficial owners for whom email addresses were not available, and then forward those Class Notices to all such beneficial owners.

72.    **If you previously provided the names and addresses of such beneficial owners identified above in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*.  The Claims Administrator will mail the Postcard Notice of the Settlement ("Postcard Notice") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice mailing.

73.    If you elected to mail or email the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners, **and you must mail and/or email the Postcard Notices to those beneficial owners by no later than seven (7) calendar days after receipt of the Settlement Notice Packets.**  If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, Kroll, toll-free at 1-833-522-2606, and let them know how many notices you require.

74.    If you have not already provided the names and addresses for all persons and entities on whose behalf you purchased or acquired ChemoCentryx common stock from November 26, 2019 through May 6, 2021, inclusive; or if you have additional names or updated or changed information, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS SETTLEMENT NOTICE, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5013, New York, NY 10150-5013, in which event the Claims Administrator shall promptly mail Postcard Notice to such beneficial owners, or (ii) request from Kroll sufficient copies of the Postcard Notice to forward to all such beneficial owners, and mail or email the Postcard Notice to the beneficial owners within seven (7) calendar days of receipt.  **As stated above, if**

**you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, beneficial owner has changed address), it is unnecessary to provide such information again.**

75.    **Nominees, and their agents shall forward the Postcard Notice to (or identify names, mailing addresses, and e-mail addresses of) *all* beneficial owners who purchased or otherwise acquired ChemoCentryx common stock during the Class Period, regardless of whether or not those beneficial owners have enrolled in a claim-filing program with their broker or financial institution**.

76.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator.  Such properly documented expenses incurred by Nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

77.    This Settlement Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ChemoCentryxSecuritiesLitigation.com.

All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *ChemoCentryx Securities Litigation* | and/or | BERNSTEIN LITOWITZ |
| c/o Kroll Settlement Administration | | BERGER & GROSSMANN LLP |
| P.O. Box 5013 | | Jonathan D. Uslaner, Esq. |
| New York, NY 10150-5013 | | 2121 Avenue of the Stars, Suite 2575 |
| | | Los Angeles, CA 90067 |
| (833) 522-2606 | | |
| info@ChemoCentryxSecuritiesLitigation.com | | (800) 380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2026                                    By Order of the Court
                                                           United States District Court
                                                           Northern District of California

## APPENDIX A

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

78.    As discussed above, the Settlement provides $35,000,000 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., Class Members who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

79.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages experts.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Class.  Any  Orders  regarding  a  modification  to  the  Plan  will  be  posted  to www.ChemoCentryxSecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

80.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the wrongdoing alleged in the Action.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

81.    The Plan of Allocation was developed in consultation with Lead Plaintiff's damages experts and is based generally on the calculation for Section 10(b) damages set forth in the Expert Report of Matthew D. Cain concerning damages dated September 25, 2024.  The Plan reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of ChemoCentryx common stock to be artificially inflated throughout the Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price change in ChemoCentryx common stock on May 4, 2021 and May 7, 2021, in reaction to the public disclosures, adjusting for price changes attributable to market or industry factors on those days.

82.    To determine the daily artificial inflation per share, the Plan utilizes the minimum of a constant-percentage inflation and a constant-dollar inflation. Specifically, for any given trading day during the Class Period, the artificial inflation is the lesser of (i) Constant-Percentage Inflation: 78.44% of ChemoCentryx's closing share price from November 26, 2019 through May 3, 2021, and 62.21% of the closing share price from May 4, 2021 through May 5, 2021; or, (ii) Constant-Dollar Inflation: A fixed amount of $38.07 per share from November 26, 2019 through May 3, 2021, and $17.10 per share from May 4, 2021 through May 5, 2021. The dollar amount inflation in the price of each share of ChemoCentryx common stock based on this analysis for each trading day in the Class Period is set forth in Table A below.

83.      Under the Plan, Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of ChemoCentryx common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who purchased or otherwise acquired ChemoCentryx common stock during the Class Period must have held those shares through at least the close of trading on May 3, 2021, and purchasers on May 4, 2021 or May 5, 2021 must have held those shares through at least the close of trading on May 5, 2021.[2]

## CALCULATION OF RECOGNIZED LOSS AMOUNT

84.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of ChemoCentryx common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[3]

85.      For each share of ChemoCentryx common stock purchased or otherwise acquired during the Class Period (that is, the period from November 26, 2019 through May 6, 2021, inclusive), and:

A.      Sold prior to the close of trading on May 3, 2021, the Recognized Loss Amount will be $0.00.

B.      Sold from May 4, 2021 through and including the close of trading on May 6, 2021, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation on the purchase/acquisition date as stated in Table A below *minus* the amount of artificial inflation on the sale date as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

C.      Sold from May 7, 2021 through and including the close of trading on August 4, 2021, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation on the purchase/acquisition date as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from May 7, 2021 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

D.      Held as of the close of trading on August 4, 2021, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation on the purchase/acquisition date as stated in Table A below, or (ii) the purchase/acquisition price *minus* $12.85.[4]

---

[2] Trading in ChemoCentryx common stock was halted before the opening of trading on May 6, 2021 and did not resume until May 7, 2021, after the end of the Class Period.

[3] Any transactions in ChemoCentryx common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission

## ADDITIONAL PROVISIONS

86.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 85 above.

87.    **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of ChemoCentryx common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

88.    **Purchase/Sale Prices:** For the purposes of calculations in ¶ 85 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

89.    **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of ChemoCentryx common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of ChemoCentryx common stock during the Class Period will not be deemed a purchase, acquisition, or sale of ChemoCentryx common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of ChemoCentryx common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such ChemoCentryx common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of ChemoCentryx common stock.

90.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the ChemoCentryx common stock. The date of a "short sale" is deemed to be the date of sale of the ChemoCentryx common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

91.    In the event that a Claimant has an opening short position in ChemoCentryx common stock, the earliest purchases or acquisitions of ChemoCentryx common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

92.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to ChemoCentryx common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

93.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in ChemoCentryx common stock during the Class Period. For purposes of making this calculation, the Claims Administrator

---

that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ChemoCentryx common stock during the "90-day look-back period" from May 7, 2021 through August 4, 2021. The mean (average) closing price for ChemoCentryx common stock during this period was $12.85.

shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

94.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in ChemoCentryx common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in ChemoCentryx common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

95.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

96.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant. Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

97.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective,

---

[5]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of ChemoCentryx common stock purchased or acquired during Class Period.

[6]  The Claims Administrator shall match any sales of ChemoCentryx common stock during the Class Period first against the Claimant's opening position in ChemoCentryx common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of ChemoCentryx common stock sold during the Class Period is the "Total Sales Proceeds."

[7]  The Claims Administrator shall ascribe a "Holding Value" of $10.46 to each share of ChemoCentryx common stock purchased or acquired during the Class Period that was still held as of the close of trading on May 5, 2021.

the remaining balance will be contributed to the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at the Northwestern Pritzker School of Law.

98.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages experts, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

**Artificial Inflation in ChemoCentryx Common Stock
November 26, 2019 through May 6, 2021**

| Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share |
|---|---|---|---|---|---|
| November 26, 2019 | $24.10 | January 28, 2020 | $32.29 | March 26, 2020 | $31.30 |
| November 27, 2019 | $23.34 | January 29, 2020 | $31.96 | March 27, 2020 | $30.24 |
| November 29, 2019 | $23.79 | January 30, 2020 | $32.08 | March 30, 2020 | $31.06 |
| December 2, 2019 | $22.84 | January 31, 2020 | $33.27 | March 31, 2020 | $31.52 |
| December 3, 2019 | $23.03 | February 3, 2020 | $35.21 | April 1, 2020 | $30.26 |
| December 4, 2019 | $22.03 | February 4, 2020 | $35.50 | April 2, 2020 | $31.18 |
| December 5, 2019 | $24.35 | February 5, 2020 | $36.99 | April 3, 2020 | $30.56 |
| December 6, 2019 | $24.54 | February 6, 2020 | $37.49 | April 6, 2020 | $34.12 |
| December 9, 2019 | $23.24 | February 7, 2020 | $37.25 | April 7, 2020 | $33.41 |
| December 10, 2019 | $24.42 | February 10, 2020 | $38.07 | April 8, 2020 | $33.92 |
| December 11, 2019 | $24.48 | February 11, 2020 | $38.07 | April 9, 2020 | $35.29 |
| December 12, 2019 | $26.10 | February 12, 2020 | $38.07 | April 13, 2020 | $36.38 |
| December 13, 2019 | $24.64 | February 13, 2020 | $38.07 | April 14, 2020 | $38.07 |
| December 16, 2019 | $26.49 | February 14, 2020 | $37.65 | April 15, 2020 | $36.13 |
| December 17, 2019 | $26.72 | February 18, 2020 | $38.07 | April 16, 2020 | $36.74 |
| December 18, 2019 | $26.07 | February 19, 2020 | $38.07 | April 17, 2020 | $38.07 |
| December 19, 2019 | $27.16 | February 20, 2020 | $38.07 | April 20, 2020 | $38.07 |
| December 20, 2019 | $28.43 | February 21, 2020 | $38.07 | April 21, 2020 | $37.96 |
| December 23, 2019 | $28.32 | February 24, 2020 | $36.87 | April 22, 2020 | $38.07 |
| December 24, 2019 | $29.21 | February 25, 2020 | $36.37 | April 23, 2020 | $38.07 |
| December 26, 2019 | $29.29 | February 26, 2020 | $36.12 | April 24, 2020 | $38.07 |
| December 27, 2019 | $28.42 | February 27, 2020 | $34.65 | April 27, 2020 | $38.07 |
| December 30, 2019 | $29.81 | February 28, 2020 | $35.10 | April 28, 2020 | $38.07 |
| December 31, 2019 | $31.02 | March 2, 2020 | $36.49 | April 29, 2020 | $38.07 |
| January 2, 2020 | $28.58 | March 3, 2020 | $36.54 | April 30, 2020 | $38.07 |
| January 3, 2020 | $28.20 | March 4, 2020 | $38.07 | May 1, 2020 | $38.07 |
| January 6, 2020 | $27.27 | March 5, 2020 | $38.07 | May 4, 2020 | $38.07 |
| January 7, 2020 | $27.76 | March 6, 2020 | $37.12 | May 5, 2020 | $38.07 |
| January 8, 2020 | $28.86 | March 9, 2020 | $34.62 | May 6, 2020 | $38.07 |
| January 9, 2020 | $30.18 | March 10, 2020 | $35.91 | May 7, 2020 | $38.07 |
| January 10, 2020 | $29.97 | March 11, 2020 | $32.58 | May 8, 2020 | $38.07 |
| January 13, 2020 | $28.78 | March 12, 2020 | $30.66 | May 11, 2020 | $38.07 |
| January 14, 2020 | $29.74 | March 13, 2020 | $34.86 | May 12, 2020 | $38.07 |
| January 15, 2020 | $29.53 | March 16, 2020 | $27.01 | May 13, 2020 | $38.07 |
| January 16, 2020 | $32.10 | March 17, 2020 | $27.49 | May 14, 2020 | $38.07 |
| January 17, 2020 | $34.25 | March 18, 2020 | $25.67 | May 15, 2020 | $38.07 |
| January 21, 2020 | $33.51 | March 19, 2020 | $27.43 | May 18, 2020 | $38.07 |
| January 22, 2020 | $33.35 | March 20, 2020 | $28.89 | May 19, 2020 | $38.07 |
| January 23, 2020 | $31.96 | March 23, 2020 | $29.45 | May 20, 2020 | $38.07 |
| January 24, 2020 | $32.37 | March 24, 2020 | $30.81 | May 21, 2020 | $38.07 |
| January 27, 2020 | $31.86 | March 25, 2020 | $30.48 | May 22, 2020 | $38.07 |

| Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share |
|---|---|---|---|---|---|
| May 26, 2020 | $38.07 | July 29, 2020 | $38.07 | October 1, 2020 | $38.07 |
| May 27, 2020 | $38.07 | July 30, 2020 | $38.07 | October 2, 2020 | $38.07 |
| May 28, 2020 | $38.07 | July 31, 2020 | $38.07 | October 5, 2020 | $38.07 |
| May 29, 2020 | $38.07 | August 3, 2020 | $38.07 | October 6, 2020 | $38.07 |
| June 1, 2020 | $38.07 | August 4, 2020 | $38.07 | October 7, 2020 | $38.07 |
| June 2, 2020 | $38.07 | August 5, 2020 | $38.07 | October 8, 2020 | $38.07 |
| June 3, 2020 | $38.07 | August 6, 2020 | $38.07 | October 9, 2020 | $38.07 |
| June 4, 2020 | $38.07 | August 7, 2020 | $38.07 | October 12, 2020 | $38.07 |
| June 5, 2020 | $38.07 | August 10, 2020 | $38.07 | October 13, 2020 | $38.07 |
| June 8, 2020 | $38.07 | August 11, 2020 | $38.07 | October 14, 2020 | $38.07 |
| June 9, 2020 | $38.07 | August 12, 2020 | $38.07 | October 15, 2020 | $38.07 |
| June 10, 2020 | $38.07 | August 13, 2020 | $38.07 | October 16, 2020 | $38.07 |
| June 11, 2020 | $38.07 | August 14, 2020 | $38.07 | October 19, 2020 | $38.07 |
| June 12, 2020 | $38.07 | August 17, 2020 | $38.07 | October 20, 2020 | $38.07 |
| June 15, 2020 | $38.07 | August 18, 2020 | $38.07 | October 21, 2020 | $38.07 |
| June 16, 2020 | $38.07 | August 19, 2020 | $38.07 | October 22, 2020 | $38.07 |
| June 17, 2020 | $38.07 | August 20, 2020 | $38.07 | October 23, 2020 | $38.07 |
| June 18, 2020 | $38.07 | August 21, 2020 | $38.07 | October 26, 2020 | $38.07 |
| June 19, 2020 | $38.07 | August 24, 2020 | $38.07 | October 27, 2020 | $38.07 |
| June 22, 2020 | $38.07 | August 25, 2020 | $38.07 | October 28, 2020 | $38.07 |
| June 23, 2020 | $38.07 | August 26, 2020 | $38.07 | October 29, 2020 | $38.07 |
| June 24, 2020 | $38.07 | August 27, 2020 | $38.07 | October 30, 2020 | $37.65 |
| June 25, 2020 | $38.07 | August 28, 2020 | $38.07 | November 2, 2020 | $37.06 |
| June 26, 2020 | $38.07 | August 31, 2020 | $38.07 | November 3, 2020 | $37.86 |
| June 29, 2020 | $38.07 | September 1, 2020 | $38.07 | November 4, 2020 | $38.07 |
| June 30, 2020 | $38.07 | September 2, 2020 | $38.07 | November 5, 2020 | $38.07 |
| July 1, 2020 | $38.07 | September 3, 2020 | $37.74 | November 6, 2020 | $38.07 |
| July 2, 2020 | $38.07 | September 4, 2020 | $37.30 | November 9, 2020 | $38.07 |
| July 6, 2020 | $38.07 | September 8, 2020 | $36.36 | November 10, 2020 | $38.07 |
| July 7, 2020 | $38.07 | September 9, 2020 | $38.07 | November 11, 2020 | $38.07 |
| July 8, 2020 | $38.07 | September 10, 2020 | $37.16 | November 12, 2020 | $38.07 |
| July 9, 2020 | $38.07 | September 11, 2020 | $37.71 | November 13, 2020 | $38.07 |
| July 10, 2020 | $38.07 | September 14, 2020 | $38.07 | November 16, 2020 | $38.07 |
| July 13, 2020 | $38.07 | September 15, 2020 | $38.07 | November 17, 2020 | $38.07 |
| July 14, 2020 | $38.07 | September 16, 2020 | $38.07 | November 18, 2020 | $38.07 |
| July 15, 2020 | $38.07 | September 17, 2020 | $38.07 | November 19, 2020 | $38.07 |
| July 16, 2020 | $38.07 | September 18, 2020 | $38.07 | November 20, 2020 | $38.07 |
| July 17, 2020 | $38.07 | September 21, 2020 | $38.07 | November 23, 2020 | $38.07 |
| July 20, 2020 | $38.07 | September 22, 2020 | $38.07 | November 24, 2020 | $38.07 |
| July 21, 2020 | $38.07 | September 23, 2020 | $38.07 | November 25, 2020 | $38.07 |
| July 22, 2020 | $38.07 | September 24, 2020 | $38.07 | November 27, 2020 | $38.07 |
| July 23, 2020 | $38.07 | September 25, 2020 | $38.07 | November 30, 2020 | $38.07 |
| July 24, 2020 | $38.07 | September 28, 2020 | $38.07 | December 1, 2020 | $38.07 |
| July 27, 2020 | $38.07 | September 29, 2020 | $38.07 | December 2, 2020 | $38.07 |
| July 28, 2020 | $38.07 | September 30, 2020 | $38.07 | December 3, 2020 | $38.07 |

| Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share | Date | Artificial Inflation Per-Share |
|---|---|---|---|---|---|
| December 4, 2020 | $38.07 | February 10, 2021 | $38.07 | April 16, 2021 | $36.50 |
| December 7, 2020 | $38.07 | February 11, 2021 | $38.07 | April 19, 2021 | $35.14 |
| December 8, 2020 | $38.07 | February 12, 2021 | $38.07 | April 20, 2021 | $35.52 |
| December 9, 2020 | $38.07 | February 16, 2021 | $38.07 | April 21, 2021 | $36.42 |
| December 10, 2020 | $38.07 | February 17, 2021 | $38.07 | April 22, 2021 | $36.29 |
| December 11, 2020 | $38.07 | February 18, 2021 | $38.07 | April 23, 2021 | $36.00 |
| December 14, 2020 | $38.07 | February 19, 2021 | $38.07 | April 26, 2021 | $37.15 |
| December 15, 2020 | $38.07 | February 22, 2021 | $38.07 | April 27, 2021 | $36.05 |
| December 16, 2020 | $38.07 | February 23, 2021 | $38.07 | April 28, 2021 | $36.08 |
| December 17, 2020 | $38.07 | February 24, 2021 | $38.07 | April 29, 2021 | $35.30 |
| December 18, 2020 | $38.07 | February 25, 2021 | $38.07 | April 30, 2021 | $37.91 |
| December 21, 2020 | $38.07 | February 26, 2021 | $38.07 | May 3, 2021 | $38.07 |
| December 22, 2020 | $38.07 | March 1, 2021 | $38.07 | May 4, 2021 | $16.57 |
| December 23, 2020 | $38.07 | March 2, 2021 | $38.07 | May 5, 2021 | $17.10 |
| December 24, 2020 | $38.07 | March 3, 2021 | $38.07 | May 6, 2021[8] | $0.00 |
| December 28, 2020 | $38.07 | March 4, 2021 | $38.07 | | |
| December 29, 2020 | $38.07 | March 5, 2021 | $38.07 | | |
| December 30, 2020 | $38.07 | March 8, 2021 | $38.07 | | |
| December 31, 2020 | $38.07 | March 9, 2021 | $38.07 | | |
| January 4, 2021 | $38.07 | March 10, 2021 | $38.07 | | |
| January 5, 2021 | $38.07 | March 11, 2021 | $38.07 | | |
| January 6, 2021 | $38.07 | March 12, 2021 | $38.07 | | |
| January 7, 2021 | $38.07 | March 15, 2021 | $38.07 | | |
| January 8, 2021 | $38.07 | March 16, 2021 | $38.07 | | |
| January 11, 2021 | $38.07 | March 17, 2021 | $38.07 | | |
| January 12, 2021 | $38.07 | March 18, 2021 | $38.07 | | |
| January 13, 2021 | $38.07 | March 19, 2021 | $38.07 | | |
| January 14, 2021 | $38.07 | March 22, 2021 | $38.07 | | |
| January 15, 2021 | $38.07 | March 23, 2021 | $38.07 | | |
| January 19, 2021 | $38.07 | March 24, 2021 | $38.07 | | |
| January 20, 2021 | $38.07 | March 25, 2021 | $38.07 | | |
| January 21, 2021 | $38.07 | March 26, 2021 | $38.07 | | |
| January 22, 2021 | $38.07 | March 29, 2021 | $38.07 | | |
| January 25, 2021 | $38.07 | March 30, 2021 | $38.07 | | |
| January 26, 2021 | $38.07 | March 31, 2021 | $38.07 | | |
| January 27, 2021 | $38.07 | April 1, 2021 | $38.07 | | |
| January 28, 2021 | $38.07 | April 5, 2021 | $38.07 | | |
| January 29, 2021 | $38.07 | April 6, 2021 | $38.07 | | |
| February 1, 2021 | $38.07 | April 7, 2021 | $37.65 | | |
| February 2, 2021 | $38.07 | April 8, 2021 | $38.07 | | |
| February 3, 2021 | $38.07 | April 9, 2021 | $38.07 | | |
| February 4, 2021 | $38.07 | April 12, 2021 | $36.32 | | |
| February 5, 2021 | $38.07 | April 13, 2021 | $37.01 | | |
| February 8, 2021 | $38.07 | April 14, 2021 | $37.13 | | |
| February 9, 2021 | $38.07 | April 15, 2021 | $36.98 | | |

8. Trading in ChemoCentryx common stock was halted before the opening of trading on May 6, 2021 and did not resume until May 7, 2021.

**TABLE B**

**90-Day Look-back Table for ChemoCentryx Common Stock
Closing Price and Average Closing Price
May 7, 2021 through August 4, 2021**

| Date | Closing Price | Average Closing Price from May 7, 2021 through Date Shown | Date | Closing Price | Average Closing Price from May 7, 2021 through Date Shown |
|---|---|---|---|---|---|
| May 7, 2021 | $10.46 | $10.46 | June 22, 2021 | $12.89 | $10.98 |
| May 10, 2021 | $10.97 | $10.72 | June 23, 2021 | $12.76 | $11.04 |
| May 11, 2021 | $10.75 | $10.73 | June 24, 2021 | $13.06 | $11.10 |
| May 12, 2021 | $10.05 | $10.56 | June 25, 2021 | $13.77 | $11.17 |
| May 13, 2021 | $9.97 | $10.44 | June 28, 2021 | $14.29 | $11.26 |
| May 14, 2021 | $10.44 | $10.44 | June 29, 2021 | $14.09 | $11.34 |
| May 17, 2021 | $9.89 | $10.36 | June 30, 2021 | $13.39 | $11.39 |
| May 18, 2021 | $10.36 | $10.36 | July 1, 2021 | $13.20 | $11.44 |
| May 19, 2021 | $9.96 | $10.32 | July 2, 2021 | $13.18 | $11.48 |
| May 20, 2021 | $10.06 | $10.29 | July 6, 2021 | $14.05 | $11.54 |
| May 21, 2021 | $9.59 | $10.23 | July 7, 2021 | $14.47 | $11.61 |
| May 24, 2021 | $9.81 | $10.19 | July 8, 2021 | $15.10 | $11.69 |
| May 25, 2021 | $9.67 | $10.15 | July 9, 2021 | $16.77 | $11.81 |
| May 26, 2021 | $9.77 | $10.13 | July 12, 2021 | $17.34 | $11.93 |
| May 27, 2021 | $10.41 | $10.14 | July 13, 2021 | $16.29 | $12.03 |
| May 28, 2021 | $10.15 | $10.14 | July 14, 2021 | $15.72 | $12.10 |
| June 1, 2021 | $10.16 | $10.15 | July 15, 2021 | $15.49 | $12.18 |
| June 2, 2021 | $10.20 | $10.15 | July 16, 2021 | $15.85 | $12.25 |
| June 3, 2021 | $9.98 | $10.14 | July 19, 2021 | $15.63 | $12.32 |
| June 4, 2021 | $10.03 | $10.13 | July 20, 2021 | $16.12 | $12.39 |
| June 7, 2021 | $10.72 | $10.16 | July 21, 2021 | $15.83 | $12.46 |
| June 8, 2021 | $10.94 | $10.20 | July 22, 2021 | $14.99 | $12.51 |
| June 9, 2021 | $11.18 | $10.24 | July 23, 2021 | $14.37 | $12.54 |
| June 10, 2021 | $11.54 | $10.29 | July 26, 2021 | $14.54 | $12.58 |
| June 11, 2021 | $12.18 | $10.37 | July 27, 2021 | $14.66 | $12.61 |
| June 14, 2021 | $13.17 | $10.48 | July 28, 2021 | $15.51 | $12.67 |
| June 15, 2021 | $12.81 | $10.56 | July 29, 2021 | $14.97 | $12.71 |
| June 16, 2021 | $13.24 | $10.66 | July 30, 2021 | $14.78 | $12.74 |
| June 17, 2021 | $13.53 | $10.76 | August 2, 2021 | $14.89 | $12.78 |
| June 18, 2021 | $13.51 | $10.85 | August 3, 2021 | $15.11 | $12.81 |
| June 21, 2021 | $13.06 | $10.92 | August 4, 2021 | $15.32 | $12.85 |

# Exhibit A-3

**Exhibit A-3**

*ChemoCentryx Securities Litigation*
**Toll-Free Number: (833) 522-2606**
**Email:  info@ChemoCentryxSecuritiesLitigation.com**
**Website:  www.ChemoCentryxSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.ChemoCentryxSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than _____, 2026**.

## Mail to:

*ChemoCentryx Securities Litigation*
**c/o Kroll Settlement Administration**
**P.O. Box 5013**
**New York, NY 10150-5013**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN CHEMOCENTRYX COMMON STOCK (NASDAQ: CCXI; CUSIP: 16383L106)** | **4** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

**Need help?**  If you have questions concerning this Claim Form or need assistance in filling out the Claim Form, you may contact the Claims Administrator at the above mailing address, by email at info@ChemoCentryxSecuritiesLitigation.com, or by toll-free phone at (833) 522-2606, or you can visit the website, www.ChemoCentryxSecuritiesLitigation.com.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Name of the Beneficial Owner of ChemoCentryx common stock (see ¶ 9 on next page for details)
First Name                                                                    Last Name

Joint Owner's Name (*if applicable*)
First Name                                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City                                                                    State/Province    Zip Code

Foreign Postal Code (if applicable)                        Foreign Country (if applicable)

Telephone Number (Day)                                        Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership        ☐ Estate        ☐ Trust        ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"), including the proposed Plan of Allocation set forth in the Settlement Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to **all persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx") between November 26, 2019 and May 6, 2021, inclusive ("Class Period"), and were damaged thereby ("Class")**. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 27 of the Settlement Notice.

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Settlement Notice. IF YOU ARE NOT A CLASS MEMBER (*see* definition of "Class" contained in ¶ 27 of the Settlement Notice), OR IF YOU PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH CLASS NOTICE AND DO NOT OPT BACK INTO THE CLASS IN CONNECTION WITH THE SETTLEMENT, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of ChemoCentryx common stock. In this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of ChemoCentryx common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.      **Please note**: Only ChemoCentryx common stock purchased or acquired during the Class Period (i.e., the period between November 26, 2019 and May 6, 2021, inclusive) is eligible under the Settlement. However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases, acquisitions, and sales of ChemoCentryx common stock during the period from May 7, 2021 through August 4, 2021 (i.e., the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the ChemoCentryx common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of trade confirmations or account statements, or an authorized statement from your broker or other financial institution containing the transactional and holding information found in a trade confirmation or account statement. The Parties and the Claims Administrator do not

independently have information about your investments in ChemoCentryx common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in ChemoCentryx common stock made on behalf of a single beneficial owner.

9.      All joint beneficial owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or acquired ChemoCentryx common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or acquired ChemoCentryx common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares/options, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the ChemoCentryx common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.      **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Settlement Notice, you may contact the Claims Administrator, Kroll Settlement Administration, at the above address, by email at info@ChemoCentryxSecuritiesLitigation.com, or by toll-free phone at 833-522-2606, or you can visit the website maintained by the Claims Administrator, www.ChemoCentryxSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website www.ChemoCentryxSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@ChemoCentryxSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@ChemoCentryxSecuritiesLitigation.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE**</u>**:**

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 833-522-2606.**

## PART III – SCHEDULE OF TRANSACTIONS IN **CHEMOCENTRYX** COMMON STOCK

The only eligible security is the common stock of ChemoCentryx, Inc. ("ChemoCentryx"). During the Class Period, ChemoCentryx common stock traded on the NASDAQ. Its ticker symbol was **CCXI**, and its **CUSIP** was **16383L106**. Do not include information regarding securities other than ChemoCentryx common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 7, above.

| 1. **HOLDINGS AS OF NOVEMBER 26, 2019 –** State the total number of shares of ChemoCentryx common stock held as of the opening of trading on November 26, 2019. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
|---|---|---|---|---|
| 2. **PURCHASES/ACQUISITIONS FROM NOVEMBER 26, 2019 THROUGH MAY 6, 2021, INCLUSIVE** – Separately list each and every purchase or acquisition (including free receipts) of ChemoCentryx common stock from November 26, 2019 through the close of trading on May 6, 2021. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| 3. **PURCHASES/ACQUISITIONS FROM MAY 7, 2021 THROUGH AUGUST 4, 2021, INCLUSIVE** – State the total number of shares of ChemoCentryx common stock purchased or acquired (including free receipts) from May 7, 2021 through the close of trading on August 4, 2021. If none, write "zero" or "0." _____ | | | | |
| 4. **SALES FROM NOVEMBER 26, 2019 THROUGH AUGUST 4, 2021** – Separately list each and every sale or disposition (including free deliveries) of ChemoCentryx common stock from November 26, 2019 through the close of trading on August 4, 2021. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| 5. **HOLDINGS AS OF AUGUST 4, 2021 –** State the total number of shares of ChemoCentryx common stock held as of the close of trading on August 4, 2021. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ | | | | |

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that the claimant(s) did *not* submit a request for exclusion from the Class;

4.      that I (we) owned the ChemoCentryx common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of ChemoCentryx common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiff's Claim against any of the Defendants' Releasees;

7.      that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the Northern District of California with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

9.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                       Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                             Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page 4 of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard.  **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at (833) 522-2606.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim Form, contact the Claims Administrator at the mailing address below, by email at info@ChemoCentryxSecuritiesLitigation.com, or by toll-free phone at (833) 522-2606, or you may visit www.ChemoCentryxSecuritiesLitigation.com.   DO NOT call ChemoCentryx, the other Defendants, or their counsel with questions regarding your Claim Form.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online at www.ChemoCentryxSecuritiesLitigation.com, postmarked (or submitted online) no later than _____, 2026.  If mailed, the Claim Form should be addressed as follows:**

*ChemoCentryx Securities Litigation*
c/o Kroll Settlement Administration
P.O. Box 5013
New York, NY 10150-5013

Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-4

**Exhibit A-4**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| JONNIE HOMYK, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHEMOCENTRYX, INC. et al.,<br>　　　　　　　　Defendants. | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357 |

### SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"), and were damaged thereby (the "Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that Class Representative Indiana Public Retirement System on behalf of itself and the Court-certified Class, has reached a proposed settlement of the above-captioned securities class action (the "Action") for **$35,000,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that ChemoCentryx and its former President and Chief Executive Officer, Dr. Thomas J. Schall (together, "Defendants") violated the federal securities laws.  Class Representative alleges that Defendants made material misrepresentations during the Class Period regarding ChemoCentryx's ADVOCATE study, the Company's Phase 3 clinical trial of avacopan, and the Company's communications with the FDA related to the approval of avacopan, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), that Schall controlled ChemoCentryx when the alleged misstatements were made, in violation of Section 20(a) of the Exchange Act, and that Schall sold ChemoCentryx stock while in

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to their prior request.  The full definition of the Class, including a complete description of who is excluded from the Class, is set forth in the full Settlement Notice referred to below.

possession of material non-public information about avacopan, in violation of Section 20A of the Exchange Act. Defendants deny all allegations in the Action and deny any violations of the federal securities laws.[2]

A hearing (the "Settlement Hearing") will be held on _____, 2026, at __:__ __.m., before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, either in person at Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by telephone or videoconference, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Settlement Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 22% of the Settlement Fund and payment of expenses in an amount not to exceed $5 million should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.ChemoCentryxSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"). You may obtain copies of the Settlement Notice and the Claim Form on the case website, www.ChemoCentryxSecuritiesLitigation.com; by contacting the Claims Administrator at: *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5013, New York, NY 10150-5013; by calling toll free 1-833-522-2606; or by emailing info@ChemoCentryxSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* (**if mailed**) **or online by no later than** _____, **2026**. To submit a claim online, visit www.ChemoCentryxSecuritiesLitigation.com. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Class Counsel and Defendants' Counsel or emailed to Class Counsel and Defendants' Counsel such that they are *received* **no later than** _____, **2026**, in accordance with the instructions set forth in the Settlement Notice. The Class was previously certified and, in connection with class certification, Class Members previously had the opportunity to request exclusion from the Class. There will not be a second opportunity to request exclusion in connection with the Settlement

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated March 9, 2026 ("Stipulation"). The Stipulation can be viewed at www.ChemoCentryxSecuritiesLitigation.com.

proceedings; however, if you previously requested exclusion, you may opt back into the Class by following the instructions in the Settlement Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Class Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*ChemoCentryx Securities Litigation*
c/o Kroll Settlement Administration
P.O. Box 5013
New York, NY 10150-5013

(833) 522-2606
info@ChemoCentryxSecuritiesLitigation.com
www.ChemoCentryxSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
Jonathan D. Uslaner, Esq.
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
(800) 380-8496
settlements@blbglaw.com

By Order of the Court

# Exhibit B

**BERNSTEIN LITOWITZ BERGER**                                    **Exhibit B**
   **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Katherine M. Sinderson (admitted *pro hac vice*)
(katiem@blbglaw.com)
John Esmay (admitted *pro hac vice*)
(john.esmay@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-554-1400
Fax: 212-554-1444

*Lead Counsel for Lead Plaintiff Indiana Public*
*Retirement System and the Class*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JONNIE HOMYK, et al., | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357 |
| Plaintiffs, | |
| v. | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| CHEMOCENTRYX, INC. et al., | |
| Defendants. | |

[PROPOSED] JUDGMENT APPROVING CLASS                    Master File No. 4:21-cv-03343-JST
ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST ("Action");

WHEREAS, by Order dated March 6, 2024 (ECF No. 131), this Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"), and were damaged thereby ("Class").[1] The Court also appointed Lead Plaintiff Indiana Public Retirement System ("Class Representative") as Class Representative for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Class;

WHEREAS, pursuant to the Court's Order dated October 17, 2024 (ECF No. 179), the Court (a) approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by January 14, 2025, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and (b) approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on November 13, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 35,220 copies of the Class Notice, and two requests for exclusion from the Class were received by January 14, 2025 (ECF No. 187, at ¶¶ 4-5, 11, 15 & Ex. 5);

---

[1] Excluded from the Class are (a) Defendants; (b) their respective successors and assigns; (c) the past and current executive officers and directors of Defendants; (d) the Immediate Family Members of Defendant Thomas J. Schall; and (e) the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities. Also excluded from the Class are the persons and entities listed in Exhibit 1.

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT      Master File No. 4:21-cv-03343-JST

WHEREAS, on August 15, 2025, the Court issued an Order granting Defendants' motion for summary judgment disposing of the case, ECF No. 345, and on the same day, the Court issued Judgment in favor of Defendants, ECF No. 346, and Class Representative thereafter appealed;

WHEREAS, Class Representative, on behalf of itself and the other members of the Class, and Defendants (together with Class Representative, the "Parties") has determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 9, 2026 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2026 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to opt back into the Class if they previously excluded themselves from the Class in connection with Class Notice or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2026 ("Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT     - 2 -     Master File No. 4:21-cv-03343-JST

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2026; and (b) the Postcard Notice, Settlement Notice, and Summary Settlement Notice, which were filed with the Court on _____, 2026.

3. **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to opt back into the Class if they previously excluded themselves from the Class in connection with Class Notice; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **CAFA Notice** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, to the extent applicable to the Action, have been satisfied.

5. **[Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

[PROPOSED] JUDGMENT APPROVING CLASS    - 3 -    Master File No. 4:21-cv-03343-JST
ACTION SETTLEMENT

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

[PROPOSED] JUDGMENT APPROVING CLASS          - 4 -          Master File No. 4:21-cv-03343-JST
ACTION SETTLEMENT

(a)    Without further action by anyone, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees.

(b)    Without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, affiliates, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees. This release shall not apply to any person or entity listed on Exhibit 1.

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the MOU, the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation or the MOU, nor any proceedings taken pursuant to or in connection with the Stipulation or MOU and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

[PROPOSED] JUDGMENT APPROVING CLASS      - 6 -      Master File No. 4:21-cv-03343-JST
ACTION SETTLEMENT

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.      Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.      **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.      **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise

provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and Class Representative and Defendants shall revert to their respective positions in the Action immediately before the execution of the MOU on January 26, 2026, as provided in the Stipulation.

17. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2026.


_____
The Honorable Jon S. Tigar
United States District Judge

**Exhibit 1**

[Persons and entities excluded from the Class]