**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Salvatore J. Graziano (admitted *pro hac vice*)
(salvatore@blbglaw.com)
Katherine M. Sinderson (admitted *pro hac vice*)
(katiem@blbglaw.com)
John Esmay (admitted *pro hac vice*)
(john.esmay@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-554-1400
Fax: 212-554-1444

*Lead Counsel for Lead Plaintiff Indiana Public
Retirement System and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JONNIE HOMYK, et al.,<br><br>                 Plaintiffs,<br><br>     v.<br><br>CHEMOCENTRYX, INC. et al.,<br><br>                 Defendants. | Master File No. 4:21-cv-03343-JST *and related case*, No. 4:21-cv-04357<br><br>**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT (AS MODIFIED)** |

[~~PROPOSED~~] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

Master File No. 4:21-cv-03343-JST

WHEREAS, a securities class action is pending in this Court entitled *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST ("Action");

WHEREAS, by Order dated March 6, 2024 (ECF No. 131), this Court certified the Action to proceed as a class action on behalf of all persons who purchased or otherwise acquired the common stock of ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") from November 26, 2019 through May 6, 2021, inclusive (the "Class Period"), and were damaged thereby ("Class").[1] The Court also appointed Lead Plaintiff Indiana Public Retirement System ("Class Representative") as Class Representative for the Class, and appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Class;

WHEREAS, by Order dated October 17, 2024 (ECF No. 179), the Court (a) approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by January 14, 2025, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and (b) approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on November 13, 2024 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 35,220 copies of the Class Notice and two requests for exclusion from the Class were received by January 14, 2025 (ECF No.187, at ¶¶ 4-5, 11, 15 & Ex. 5);

---

[1] Excluded from the Class are (a) Defendants; (b) their respective successors and assigns; (c) the past and current executive officers and directors of Defendants; (d) the Immediate Family Members of Defendant Thomas J. Schall; and (e) the legal representatives, heirs, successors, or assigns of any excluded person, and any entity in which any of the above excluded persons have or had a direct or controlling ownership interest, and the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Class are all persons and entities who requested exclusion from the Class in connection with the mailing of the Class Notice as set forth in Appendix A to the Stipulation that do not opt back into the Class in connection with the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Master File No. 4:21-cv-03343-JST

WHEREAS, on August 15, 2025, the Court issued an Order granting Defendants' motion for summary judgment disposing of the case, ECF No. 345, and on the same day, the Court issued Judgment in favor of Defendants, ECF No. 346, and Class Representative thereafter appealed;

WHEREAS, Class Representative, on behalf of itself and the other members of the Class, and Defendants (together with Class Representative, the "Parties") has determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Revised Stipulation and Agreement of Settlement dated May 15, 2026 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a hearing ("Final Approval and Fairness Hearing") on October 15, 2026 at 2:00 p.m. via Zoom at the link available at

https://cand.uscourts.gov/judges/tigar-jon-s-jst/. At that time, the Court shall determine (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) whether to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website. As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

4.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the case website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

5.      **Retention of Claims Administrator and Manner of Giving Notice** – Class

Counsel is hereby authorized to retain Kroll Settlement Administration LLC ("Claims Administrator" or "Kroll"), the administrator previously approved by the Court to administer the dissemination of Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously sent a copy of the Class Notice; and to any other potential Class Member who otherwise may be identified through reasonable effort; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)    by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and Claim Form to be posted on the case website, ChemocentryxSecuritiesLitigation.com. In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*;

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form

and content, the Postcard Notice, Settlement Notice, Claim Form, and Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to opt back into the Class if they previously excluded themselves from the Class in connection with Class Notice, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7.    **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that, if they purchased or acquired ChemoCentryx common stock during the period from November 26, 2019 through May 6, 2021, inclusive, for the beneficial interest of any person or entity other than themselves, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from Kroll sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, email a list of the names, addresses, and, if available, email addresses of all such beneficial owners to Kroll.

---

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE                    - 5 -                    Master File No. 4:21-cv-03343-JST

(a)    For Nominees who chose the first option (*i.e.*, elected to mail or email the Class Notice directly to beneficial owners), Kroll shall forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Postcard Notices, mail or email the Postcard Notices to their beneficial owners.

(b)    For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to Kroll), Kroll shall promptly mail or email a Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired ChemoCentryx common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Kroll, or is aware of name and address changes for these beneficial owners, these Nominees need not take any further action.

(c)    For Nominees who purchased or acquired ChemoCentryx common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Kroll, or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Kroll, such Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to Kroll, or shall request from Kroll sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from Kroll, mail to the beneficial owners; and

(d)    Nominees and their agents shall forward the Postcard Notice to (or identify names, mailing addresses, and e-mail addresses of) *all* beneficial owners who purchased or otherwise acquired ChemoCentryx common stock during the Class Period, regardless of whether or not those beneficial owners have enrolled in a claim-filing program with their broker or financial institution.

(e)    Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

9.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

12.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court

is exercising its discretion not to allow a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Low v. Trump Univ.*, LLC, 881 F.3d 1111, 1121 (9th Cir. 2018); *Alexander v. FedEx Ground Package Sys., Inc.*, 2016 WL 1427358, at *6 (N.D. Cal. Apr. 12, 2016).

13.    **Opting Back Into the Class** – Any person who or entity that previously submitted a request for exclusion in connection with Class Notice, as set forth in Appendix A to the Stipulation, may elect to opt back into the Class and be eligible to receive a payment from the Settlement Fund. Any person or entity set forth on Appendix A to the Stipulation who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the Class in writing within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the Claims Administrator at: *ChemoCentryx Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5013, New York, NY 10150-5013.  Each request to opt back into the Class must: (a) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

14.    Any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice and does not opt back into the Class in accordance with the requirements set forth in this Order and the Settlement Notice remains excluded from the Class and shall not be a Class Member, shall not be bound by the terms of the Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

15.    **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court. Any Class Member

who does not enter an appearance will be represented by Class Counsel.

16.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. Any Class Member that files a timely written objection with the Court may request to speak at the Settlement Hearing, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its choice, by including this request in the timely written objection. Any such request to speak at the Settlement Hearing may be granted or denied by the Court in the exercise of its discretion. If a Settlement Class Member who files a timely written objection wishes to hire an attorney to represent him, her, them, or it in making the written objection or in appearing at the Settlement Hearing, that will be at his, her, their, or its own expense and that attorney must file a notice of appearance with the Court no later than twenty-one (21) calendar days prior to the Settlement Hearing.

17.     To be valid, a written objection must contain the Class Member's full name, the basis for the objector's belief that he, she, or it is a member of the Class, the basis of their objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and their signature. All written objections and supporting papers must (a) clearly identify the case name and number (*Homyk v. ChemoCentryx, Inc.*, Master File No. 4:21-cv-03343-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

[~~PROPOSED~~] ORDER PRELIMINARILY                      - 10 -                  Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

18.     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representative, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs actually incurred and paid or payable up to five hundred thousand dollars ($500,000) may be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court. Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court with an opportunity for Defendants to be heard.

21.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

[PROPOSED] ORDER PRELIMINARILY           - 11 -           Master File No. 4:21-cv-03343-JST
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and Class Representative and Defendants shall revert to their respective positions in the Action immediately before the execution of the MOU on January 26, 2026, as provided in the Stipulation.

24.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the MOU, the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation or the MOU, nor any proceedings taken pursuant to or in connection with the Stipulation or MOU and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.   **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.   **Jurisdiction** –The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

/ / /

/ / /

/ / /

/ / /

/ / /

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE                     - 13 -                     Master File No. 4:21-cv-03343-JST

27.  **Timeline** – The Court adopts the following case deadlines:

| Event | Dates |
|---|---|
| Deadline to commence mailing of Postcard Notice and post Settlement Notice and Claim Form ("Notice Date") | July 3, 2026 |
| Deadline for publishing Summary Settlement Notice | July 20, 2026 |
| Deadline for filing final approval papers | September 10, 2026 |
| Deadline for objections or to opt into class | September 21, 2026 |
| Deadline for filing reply papers or responses to any objections | September 28, 2026 |
| Final Approval Hearing | October 15, 2026 |
| Deadline for submissions of claims forms | October 1, 2026 |

   **IT IS SO ORDERED.**

**Dated:** June 12, 2026



_____
The Honorable Jon S. Tigar
United States District Judge